### MAYS v. BOWERS.

#### Civ. A. 2674.

United States District Court
E. D. South Carolina, Columbia Division.
July 29, 1952.

338

John H. Lumpkin, Bruton & Bruton, Columbia, S. C., for plaintiff.

Ben. Scott Whaley, U. S. Atty., Charleston, S. C., Ellis N. Slack, Acting Asst. Atty. Gen., Andrew D. Sharpe and Richard M. Roberts, Sp. Assts. to Atty. Gen., for defendant.

WYCHE, Chief Judge.

The above stated case is before me upon motion of the defendant for summary judgment. For the consideration of the motion it has been stipulated as follows:

1. Fred L. Mays, the taxpayer, was a resident and citizen of Columbia, South Carolina, until his death on October 13, 1949. The plaintiff herein, Elizabeth B. Mays, is the widow and sole legatee of the taxpayer, and is also a resident and citizen of Columbia, South Carolina.

2. The defendant is the Collector of Internal Revenue for the District of South Carolina with his principal office in Columbia, South Carolina.

3. This is a civil action arising under Acts of Congress providing for Internal Revenue, particularly Section 3772 of the Internal Revenue Code, 26 U.S.C. § 3772, and the jurisdiction of this Court is granted by 28 U.S.C. § 1340.

4. On or prior to March 15, 1947 and March 15, 1948 the taxpayer duly filed his federal income tax returns for the calendar years 1946 and 1947 and paid the tax shown as due thereon.

5. In May, 1946 the taxpayer was elected to the City Council of the City of Columbia for a term of four years beginning June 1, 1946 and ending May 31, 1950. The position of City Councilman carried a salary of $4,000 per year, so that the taxpayer received an income of $2,333.34 (7/12 of $4,000) from the position in 1946 and $4,000 in 1947. This income was duly reported by him in his income tax returns in those years, as above mentioned, and the tax paid thereof (thereon).

6. While there is no record of the taxpayer's expenses in this campaign, it is known that he gave at least one barbecue, attended by several hundred people, that he employed poll watches in both the general election and the runoff election, and that he rented automobiles to carry voters to the polls on those two occasions. These expenses are estimated to be $1,500. In addition, cancelled checks show that the taxpayer paid $500 as an entrance fee, spent $179.84 for political advertisements in the newspapers, $66 in radio time, $76.47 in campaign cards and $33 for campaign pencils, making a total estimated expense of $2,355.31. When the claims for refund on which the suit is based were filed with the defendant, the expenses above mentioned were estimated at $4,449, but by reason of the sudden and unexpected death of the taxpayer such estimate cannot be sustained and the refund claims are hereby amended in accordance with such lower estimate.

7. The aforementioned expenses were not claimed as deductions by the taxpayer in his income tax returns.

8. On or about March 11, 1949 the said taxpayer duly filed with the defendant claims for refund of the income tax on that proportion of his then estimated campaign expenses applicable to his taxable income for his position as City Councilman for such period, to wit, the sum of $209.03 for the calendar year 1946, and the sum of $336.41 for the calendar year 1947.

By reason of the revised estimate of such expenses, the claimed refunds will be less, and, in the event the decision of this court is in favor of the plaintiff, such tax will be recomputed.

9. On or about September 19, 1950, plaintiff received by registered mail notice of disallowance of said claim for the calendar year 1947 on the ground that campaign expenses were not deductible. While no such notice has been received as to the

1946 claim, more than six months elapsed between the filing of such claim and the bringing of this action, and on February 6, 1950, plaintiff received a notification from the office of the Internal Revenue Agent in Charge, Columbia, South Carolina, that said claim had been recommended for rejection on the ground above stated.

10. On or about February 13, 1951, the plaintiff brought this suit and on or about June 7, 1951 defendant answered raising only the issue of the amortization of such campaign expenses and denying information as to the amount thereof.

The only question before me is whether campaign expenses are deductible from income for tax purposes under Section 23(a) of the Internal Revenue Code, 26 U.S.C. § 23(a).

■ Whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed. New Colonial Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348.

■ Section 29.23(o)–1 of Treasury Regulations 111, promulgated under the Internal Revenue Code, prohibits the deduction of all contributions for campaign expenses without exception. Section 29.23(a)–15 prohibits the deduction of campaign expenses of a candidate for public office. See also Section 29.23(a)–1 and Section 29.23(a)–5 of Regulations 111. In McDonald v. Commissioner, 323 U.S. 57, 65 S.Ct. 96, 97, 89 L.Ed. 68, the Supreme Court held that campaign expenses were not deductible as ordinary and necessary expenses paid in carrying on a trade or business within the meaning of Section 23(a) (1) (A) of the Internal Revenue Code; nor as expenses paid for the production of income within the meaning of Section 23(a) (2) of the Internal Revenue Code; nor as a loss incurred in trade or business or in a transaction entered into for profit within the meaning of Section 23(e) of the Internal Revenue Code. In this case the Court said: "It suffices to say that petitioner's money was not spent to buy the election but to buy the opportunity to persuade the electors.

* * * In short, the act of 1942 in no wise affected the disallowance of campaign expenses as consistently reflected by legislative history, court decision, Treasury practice and Treasury regulations."

Under the decision in the McDonald case and under the Treasury Regulations, it is my opinion that the motion for summary judgment should be granted, and it is so ordered.