## MAYS v. BOWERS.

No. 6527.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 8, 1953.

Decided Jan. 31, 1953.

402

John H. Lumpkin, Columbia, S. C. (Boyd, Bruton & Lumpkin, Columbia, S. C., on the brief), for appellant.

Harry Marselli, Sp. Asst. to Atty. Gen. (Charles S. Lyon, Asst. Atty. Gen., Ellis N. Slack and Morton K. Rothschild, Sp. Assts. to Atty. Gen., Ben Scott Whaley, U. S. Atty., Charleston, S. C., and Claud N. Sapp, Jr., Asst. U. S. Atty., Columbia, S. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal by the representative of a deceased taxpayer and involves the right of the taxpayer who had been elected to office to deduct his campaign expenses in income tax returns in which the salary of the office was returned as income. The taxpayer Fred L. Mays in May 1946 was elected to the City Council of Columbia, S. C., a position carrying a salary of $4,000 per year. In the course of his campaign for the office he incurred and paid expenses amounting to $2,355.31, including the cost of a barbecue, the hire of automobiles to carry voters to the polls and amounts paid poll watchers as well as a $500 entrance fee and the cost of newspaper and radio advertising. For the portion of the year 1946 he returned as income received from salary $2,333.34 and for the year 1947

the full salary of $4,000. Plaintiff contends, not that the campaign expenses are deductible in the year when paid as ordinary and necessary business expenses, but that they should be amortized over the term of office to which the taxpayer was elected and a ratable portion be deducted from the salary of the office for each year of the term.

We agree with the judge below D.C., 106 F.Supp. 337, that there is nothing in the tax law which authorizes the deductions claimed. It is well settled that deductions from gross income are a matter of grace and that "a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms". New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348. Not only is there no authority for any such deduction as is here claimed to be found within the law, but the Supreme Court has expressly decided that campaign expenses are not deductible from income. McDonald v. Commissioner, 323 U.S. 57, 65 S.Ct. 96, 97, 89 L.Ed. 68. It is true that in the case cited the taxpayer was defeated in the election, whereas the taxpayer here was elected and received the salary of the office; but the reasoning of the court in denying the deduction is as applicable to this case as to that. The court said:

"'All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business' are allowed by § 23(a)(1) (A) as deductions in computing net income. According to tax law terminology (§ 48(d) of the Internal Revenue Code) the performance by petitioner of his judicial office constituted carrying on a 'trade or business' within the terms of § 23 of the Internal Revenue Code. He was therefore entitled to deduct from his gross income all the 'ordinary and necessary expenses' paid during 1939 in carrying on that 'trade or business.' He could, that is, deduct all expenses that related to the discharge of his functions as a judge. But his campaign contributions were not expenses incurred in being a judge

but in trying to be a judge for the next ten years. That is as true of the money he spent more immediately for his own re-election as it is of the 'assessment' he paid into the party coffers for the success of his party's ticket. The incongruity of allowing such contributions as expenses incidental to the means of earning income as a judge is underlined by the insistence that payment of the 'assessment' levied by the party as a prerequisite to being allowed to be a candidate is deductible as a 'business' expense. If such 'assessments' for future acquisition of a profitable office are part of the expenses in performing the functions of that office for the taxable year, then why should not the same deduction be allowed for 'assessment' against officeholders not candidates for immediate reappointment or reelection but who pay such 'assessments' out of party allegiance mixed or unmixed by a lively sense of future favors?"

The salary of an office is paid for the performance of the duties of the office. Expenses incurred in such performance are proper deductions from income, but not expenses incurred in campaigning for the office. Expenses of barbecues, party campaign contributions, hiring of automobiles and pay of poll workers are certainly not expenses incurred in earning the salary of the office. If such deductions should be allowed, the government to the extent of the reduction in taxes thereby obtained would be paying the campaign expenses of the taxpayer, and would be paying a larger portion in the case of a wealthy taxpayer in the high income brackets than of a poor taxpayer in the lower brackets. In cases where the expenses of the campaign equalled or exceeded the salary of the office, which has been known to occur, the taxpayer would pay no tax upon his salary at all. Not until Congress unequivocally allows deductions which are fraught with the possibility of such absurd consequences should the courts sanction them.

Appellant argues that campaign expenses are like expenditures made for advertising which it has been held should be capitalized and amortized over the lives of the contracts which they were made to procure. United Profit Sharing Corp. v. United States, 66 Ct.Cl. 171. We think, however, that there is little if any analogy beween advertising and campaign expenses. The latter are personal, not business expenses; and Congress has shown no disposition to permit their deduction.

There was no error in disallowing the deductions claimed and the judgment appealed from will be affirmed.

Affirmed.