Dr. Lewis R. LANG

v.

UNITED STATES of America.

Civ. A. No. 854.

United States District Court
N. D. Georgia, Rome Division.
June 24, 1955.

Chance & Pope, Calhoun, Ga., for plaintiff.

James W. Dorsey, U. S. Atty., Northern Dist. of Georgia, Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for defendant.

SLOAN, District Judge.

Plaintiff here sues the defendant for a refund of income taxes in the sum of $139.55 with interest and costs. He alleges that on September 18, 1952 a levy was issued by defendant in the above amount and served on the Calhoun National Bank of Calhoun, Georgia and that the full amount of $139.55 was paid by said bank to the defendant on September, 20, 1952 and charged to plaintiff's account at said bank and deducted from the amount he had on deposit therein. Plaintiff alleges and contends that the amount so paid by him was illegally and wrongfully collected and was claimed by defendant as an alleged deficiency in in-

come taxes for the year 1948, the basis for same being the disallowance of a deduction of $640 claimed by plaintiff taxpayer for travel expense and that such expense was actually paid by him out of his gross income and that same was a legal deduction therefrom; that he is entitled to and has demanded of defendant a refund of said amount and that the same has been refused.

In its answer the defendant admits that plaintiff claimed said deduction on his 1948 income tax return as "expenses of automobile" and that this deduction was disallowed by the Commissioner of Internal Revenue.

As a further defense defendant contends that Section 3772(a) (1) of the Internal Revenue Code of 1939 and Section 7422(a) of the Internal Revenue Code of 1954, 26 U.S.C.A., provide that no suit for refund shall be maintained until a claim for refund has been duly filed with the Commissioner of Internal Revenue according to the provisions of law and the regulations of the Secretary of the Treasury, and that the same require that a claim for refund set forth in detail each ground upon which the same is claimed and that plaintiff has failed to file such a claim for refund of the taxes whose recovery is sought herein and thus failed to comply with the jurisdictional requirements of the statute cited above.

Defendant further contends that the plaintiff's return for 1948 was filed on or before March 15, 1949 and that the last payment in respect to his 1948 tax liabilities was on September 23, 1952 and that any claim for refund of 1948 taxes filed with the Commissioner of Internal Revenue after September 23, 1954 would be barred by the express provisions of Section 322(b) (1) of the Internal Revenue Code of 1939 and defendant prays that judgment be entered dismissing the complaint with costs against the plaintiff.

### Findings of Fact.

The written stipulation of facts filed herein on June 17, 1955, together with Exhibits "A," "B," and "C" attached thereto, are made the findings of fact in this case.

The case presents for determination two questions:

1. Was a claim for refund filed with the United States Treasury Department by the taxpayer?

2. Were the expenses incurred by the taxpayer deductible?

We will consider the first question.

The plaintiff here has filed a claim for refund within the meaning of Section 3772(a) of the Internal Revenue Code of 1939.

The letter of September 13, 1954 as set forth in Exhibit "B" of the stipulation filed in this case shows that on that date the Collector of Internal Revenue, U. S. Treasury Department, in Atlanta, Georgia, was notified that:

1. On September 18, 1952 a levy was issued on Form 668A, U. S. Treasury Department, against plaintiff and was paid by plaintiff's bank in the sum of $139.55.

2. Plaintiff insists that the amount collected was illegally collected.

3. That the disallowance was brought about by misunderstanding.

4. That plaintiff's agreement with his employer provided that plaintiff pay his own expenses from his salary.

5. That the Collector would "please consider this letter formal demand for (payment or) refund of the above amount paid."

This letter was more than mere correspondence protesting the assessment, it contained a statement of the factual basis of the claim sufficient to apprise the Commissioner of the issue involved and contained a demand for refund. This letter constituted an informal claim for refund within the meaning of Section 3772(a) of the Internal Revenue Code of 1939 and is sufficient support for the suit here and to prevent the bar of the suit for failure to file a claim for refund within the time provided in said Section 3772(a).

As to the second question:

The Government, "on the merits," contends that the plaintiff is not entitled to recover because the claimed expenses "were not deductible" from his gross income. The Government contends that plaintiff was not to be reimbursed for his travel performed away from home but in or near the taxpayer's home community.

Section 22(n) of the Internal Revenue Code, 26 U.S.C.A. § 22(n), provides:

"As used in this chapter the term adjusted gross income means the gross income minus—

"(1) * * *

"(2) The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee,

"(3) The deductions allowed by section 23 (other than expenses of travel, meals, and lodging while away from home) which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee under a reimbursement or other expense allowance arrangement with his employer."

The plaintiff was employed at the Johnson-Hall Hospital at Calhoun, Georgia to visit patients all over the county.

■ The Court will take judicial notice of the fact that Calhoun is located in Gordon County, Georgia and that Gordon County is a large county 358 square miles in area.

Plaintiff received a straight salary from his employment and was required to furnish his own transportation with no reimbursement from his employer. He was on call 24 hours daily and would make calls only for his employer, none personally, all over the city and county. He received no pay directly from the patients.

Plaintiff expended $732.93 for gas, oil and other automobile expenses during the year 1948, none of which expenses were reimbursed by his employer.

In filing his tax return for 1948 plaintiff deducted this automobile expense which was subsequently disallowed. No deduction was made for meals or lodging, only travel expense—automobile expense.

The federal law, Internal Revenue Code 1954, § 162(a) (2), provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business including traveling expenses while away from home in the pursuit of a trade or business.

The Federal Income Tax Regulations presently provide (Sec. 39.23(a)-2) that if an individual whose business requires him to travel, receives a salary in full compensation for his services without reimbursement for traveling expenses, that his traveling expenses are deductible from gross income.

■ While of course commuter's fares are not considered as business expenses and are not deductible, nevertheless where an individual operating his own trade or business makes necessary trips which necessitate the use of automobile transportation, the costs of such transportation can be deducted as ordinary expense of such individual's trade or business even though he returns home at the close of the day. See Waters v. Commissioner of Internal Revenue, 12 T.C. 414.

■ Under the facts here the sum claimed and actually incurred as expenses of travel over the area of 358 square miles was properly deductible from plaintiff's gross income and were expenses incurred away from home and not expenses incurred in the taxpayer's "home community."

The deduction should not have been disallowed, the plaintiff is entitled to a refund as prayed and a judgment may be prepared and presented.