Ernest H. **VERNON** and Freda J. Vernon, Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 16950.

United States Court of Appeals
Ninth Circuit.

Jan. 19, 1961.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Louise Foster, Attys., Dept. of Justice, Washington, D. C., for respondent.

Robert H. Walker, Oakland, Cal., for petitioner.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

PER CURIAM.

The decision of the tax court is affirmed. Petitioner Ernest H. Vernon is union official who attempted deductions on his federal income tax returns for asserted unreimbursed expenses in connection with his union activities, mostly attending union meetings or conferences as an official. A portion was allowed by the tax court.

We think it fair to say that Vernon weakened his case by introducing the factor that a motivation, at least in part, for some of the expense was the urgency of his getting re-elected annually to his official union position. On this his counsel concedes, as he virtually must, that the law is against him.

We interpret the finding of the tax court when it said, "Petitioner has failed to carry this burden [of showing the claimed deductions were primarily business rather than personal expenses]" as meaning that petitioner husband did not convince the trier of fact that the outlay was for the purposes of his employer. Thus, the petitioners never got beyond a question of fact. And we cannot retry the facts. If the tax court had thought the expenditures were really advancing the purposes of the employer, we see no indication that the tax court would not properly apply the applicable law.

As above indicated, we do not know how much Mr. Vernon hurt himself by introducing the factor of getting re-elected as at least a partial justification for some of his expenses. There is some indication that the tax court thought that was the prime reason for the expenditures which it disallowed.