Horace E. and Edith B. NICHOLS

v.

UNITED STATES of America.

Civ. A. No. 7135.

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 17, 1962.

Houston White, Atlanta, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for defendant.

MORGAN, District Judge.

This is an action by Horace E. Nichols for a refund of income taxes for the year 1958 in the amount of $225.24. All necessary requirements of law essential to the filing of a suit in the District Court for the recovery of taxes have been fulfilled. Horace E. Nichols [1] was a judge of the Court of Appeals of Georgia during the calendar year 1958, having served in such capacity since 1954. On January 15, 1954, Judge Nichols was appointed by the then Governor of Georgia to fill a vacancy existing on the Court of Appeals, and in November of 1954 Judge Nichols was elected to serve the unexpired term of that office which commenced on January 1, 1953, and ended on December 31, 1958.

During the year 1958, Judge Nichols determined that he would seek re-election as Judge of the Court of Appeals for the ensuing term. In order to gain the nomination of the Democratic Party for that office, taxpayer paid a required entrance fee of $750.00 to the Georgia State Democratic Executive Committee to enable him to run as a candidate in the Democratic Primary election. The amount of this entrance fee for the office of the Judge of the Court of Appeals (as well as for all other elective offices) was determined by the Georgia State Democratic Executive Committee. The amounts so collected as entrance fees were used by the Committee to defray the expenses of the Democratic Party. The State Executive Committee of the Democratic Party of Georgia was elected for two years at the Democratic Convention following the primary of each primary year, and collected entrance or qualifying fees from all state-wide candidates in said primary (as well as all Democratic candidates who run in areas less than State-wide). It has been the practice from the beginning of said Committee to apportion out to the various County Democratic Executive Committees a proportion of the entrance fees of the various candidates running as state-wide candidates to enable said County Committees to pay the expenses of the primary election machinery in the counties throughout the state. In the 1958 primary, the State Committee received $41,250.00 from all candidates, of which $29,200.00 was sent by the State Committee to the 159 county committees in proper proportion to defray said local expense. In the 1960 primary, said State Committee received $64,900.00 from all candidates, and apportioned out to the 159 county committees the sum of $53,650.00. The portion of said fees remaining in the possession of the State Committee, i. e., a part of

[1.] Taxpayer Edith B. Nichols is a party only because of the fact that a joint income tax return was filed for the year 1958.

$22,050.00 from the 1958 primary, and all of the $11,250.00 from the 1960 primary, was used by said State Committee to pay its share of the expenses of said primary. A portion of said $22,050.00 was left over in the possession of said State Committee after the 1958 primary, but was used to pay the expenses of the 1960 primary, and the maintenance of the State Committee during the interim, i. e., to pay for office expenses, such as stationery, stamps, and traveling expenses of the officers of said State Committee. It has not been the practice of the State Committee to return any of said fees to the candidates, and no part thereof was ever returned to Judge Nichols. The evidence shows that there are no paid employees of the State Committee, except there were sums that were paid to the Secretary of the State Executive Committee to perform stenographic and office services. It also appears that a portion of the fees was retained by the Committee for use in the printing of sample ballots and for extra expense of the absentee ballots. It appears from the evidence that a substantial part of the fees is used entirely in carrying on the election machinery for the Democratic Primary, and only a small portion thereof is used for the maintenance of said State Committee during the interim. The function of the Georgia State Democratic Committee over the years has been to hold and supervise the Democratic Primary elections. The funds received in entrance fees from the various candidates have not been used for the advocacy of any individual candidates, either on a county, state, or national basis, and the funds raised for national purposes in the Democratic Party are usually raised by plate dinners and not mingled with the proceeds of the entrance fees.

It appears from the record that since the establishment of the Court of Appeals of Georgia on January 1, 1907, only nominees of the Democratic Party have won the general election for a judgeship on the Court of Appeals. The taxpayer, Judge Nichols, won the nomination of the Democratic Party in the primary election held in September, 1958; and, thereafter, he ran as a Democratic candidate for the Judge of the Court of Appeals in the 1958 general election, and was elected for a six-year term of office commencing on January 1, 1959, and ending December 31, 1964, which office he presently occupies.

On his 1958 income tax return, Judge Nichols claimed a deduction for the $750.00 entrance fee as a necessary expense of his office. Upon audit of this return, the claimed deduction was disallowed, with an income tax deficiency resulting therefrom which was satisfied by the taxpayer. After filing a timely claim for refund, the instant suit was commenced, urging the same grounds for recovery as in the claim for refund, to-wit: that the $750.00 entrance fee was deductible as ordinary and necessary business expense under Section 162 of the 1954 Internal Revenue Code, 26 U.S.C.A. § 162, or, in the alternative, as an expense incurred for the production of income under Section 212, 26 U.S.C.A. § 212.

## DISCUSSION

The question presented is whether an entrance or qualifying fee paid to the Georgia State Democratic Executive Committee by taxpayer Horace E. Nichols as a prerequisite to running in the 1958 Georgia State Democratic Primary election is deductible against his adjusted gross income as an ordinary and necessary expense under Section 162 of the 1954 Internal Revenue Code, or, in the alternative, as an expense for the production of income under Section 212.

Counsel for taxpayer contends that only those who qualify with the Democratic Executive Committee under the unique political situation and history in the State of Georgia could be elected to a state-wide office, and that this has been true since the initiation of the state-wide Democratic Primary held in 1898, and that only those candidates qualifying with the State Democratic Executive Committee since the establishment of

the Court of Appeals on January 1, 1907, have won the general election for a judgeship on the Court of Appeals.

■ This Court recognizes the history of the success of the nominees of the Democratic Party in Georgia, as well as the testimony of the highly respected officials who testified in substance that the nomination in the Democratic Primary was tantamount to election, but the Supreme Court of Georgia, by a unanimous decision in 1951, in the case of Cox v. Peters, 208 Ga. 498, 67 S.E.2d 579, held otherwise. Under the doctrine laid down by the case of Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, this Court must follow the construction of the state statutes as construed by the Supreme Court of Georgia.

Justice Hawkins, speaking for a unanimous court, in the case of Cox v. Peters, supra, held:

" 'A primary election is merely a substitute for a convention. It is not an election to office, it being distinguishable from an election of officers in that it precedes such election and is merely a choice of candidates or nominees of political parties, while an election is the final choice of the entire electorate.' In South v. Peters, D.C., 89 F.Supp. 672, [page] 677, it is said: 'Democratic nomination is not, however the equivalent of election nor does it insure it, for much may happen before or in the final election.' The nominee of a party primary cannot take the oath, occupy, discharge the duties, or receive the emoluments of the office until his final choice by the entire electorate in the general election, and a nomination by a Democratic Primary in Georgia is not the equivalent of election. The allegations of the petition that

only a nominee of the Democratic Primary of 1950 could get his name on the ballot for the general election in that year must yield to the specific provisions of the Code Ann[otated]. Supp[lement]. § 34-1904, providing for the placing of names of nominees of parties upon the general election ballot by compliance with the requirements of that section. 'Where a petition alleges facts as true which are contradicted by legislative acts ＊ ＊ such facts cannot be held to be true, and they will not prevent the sustaining of a demurrer to the petition.' Bennett v. Public Service Commission of Georgia, 160 Ga. 189, 192, 127 S.E. 612, 614."

Also, in the case of Cox v. Peters, supra, the Court held that a primary election in Georgia is not an integral part of the election machinery of the State, but that the holding of a primary in this State is at the option of any political party and is not a requisite to nomination or to a place on the official ballot.

■ Taxpayer's contentions regarding the deductibility of the entrance fee paid by him to the Georgia State Democratic Executive Committee in order for him to become a candidate in the primary election have been precluded by the United States Supreme Court in the case of McDonald v. Commissioner, 323 U.S. 57, 65 S.Ct. 96, 89 L.Ed. 68. This case held that expenditures incurred in connection with obtaining public office could not be deducted as "ordinary and necessary business expense or as an expense for the production of income." [2]

The opinion in the McDonald case clearly demonstrates the reasoning supporting the disallowance of election expenses incurred. While performance of a judicial office constitutes a "trade or business" within the purview of Section 162, election expenses are not expenses

2. While the McDonald case arose under the 1939 Internal Revenue Code, subsections (a) (1) (A) and (2) of Section 23 of the 1939 Internal Revenue Code, as amended by Section 121 of the Revenue

Act of 1942, c. 619, 56 Stat. 798, are virtually identical to Sections 162 and 212 of the 1954 Internal Revenue Code, respectively.

incurred during the year for payment in discharge of any judicial function, but, rather are incurred in trying to be a judge in future years. Clearly, then, the $750.00 assessment paid by Judge Nichols during 1958 had no relation to the performance of taxpayer's judicial duties during that year; his payment only pertained to taxpayer's attempt to obtain office for the years 1959 through 1964. The Supreme Court, in the Mac-Donald case, supra, further held that there was no difference between contributions to a political party and other expenses. The Court held, at page 60, 65 S.Ct. at page 97, in the case of McDonald v. Commissioner, supra, the following:

"The incongruity of allowing such contributions as expenses incidental to the means of earning income as a judge is underlined by the insistence that payment of the 'assessment' levied by the party as a prerequisite to be allowed to be a candidate is deductible as a 'business' expense. If such 'assessments' for future acquisition of a profitable office are part of the expenses in performing the functions of that office for the taxable year, then why should not the same deduction be allowed for 'assessment' against office holders not candidates for immediate reappointment or reelection but who pay such 'assessments' out of party allegiance mixed or unmixed by a lively sense of future favors?"

It is true that the taxpayer in the Mc-Donald case was defeated for re-election; whereas, Judge Nichols in the instant case was successful. However, that fact makes no difference insofar as the non-deductibility of the election expenditure is concerned. Shoyer v. United States, 290 F.2d 817 (C.C.A. 3), cert. den. 368 U.S. 835, 82 S.Ct. 62, 7 L.Ed.2d 37.

The Shoyer case, decided on May 16, 1961, held that a taxpayer was not entitled to deduct from income reasonable sums spent as a candidate for re-election to judicial office. The taxpayer was appointed for an interim term by the Governor and, under Pennsylvania law, ran for election that year. There was no question as to the accuracy of the deduction claimed.

The Court held, in the Shoyer case, that "with all sympathy for a fellow judge who, unlike a federal judge, has to seek reelection, we do not think the question is open. The compelling authority is McDonald v. Commissioner, 1944, 323 U.S. 57, 65 S.Ct. 96, 89 L.Ed. 68."

The case of Mays v. Bowers, D.C., 106 F.Supp. 337, 201 F.2d 401 (C.C.A.4), cert. den. 345 U.S. 969, 73 S.Ct. 1111, 97 L.Ed. 1387, appears pertinent to the issues in this case. In the Mays v. Bowers case, the question involved the right of the taxpayer who had been elected to office to deduct his campaign expenses in income tax return in which the salaried office was returned as income. In that case, expenses involved cost of a barbecue, hire of automobiles, as well as a $500.00 entrance fee. The taxpayer received $4,000.00 a year as salary as a city councilman, and contended that his campaign expenses, including the $500.00 entrance fee, were deductible in the year when paid as ordinary and necessary business expenses.

Chief Judge Parker, of the Fourth Circuit Court of Appeals, speaking for the Court, held that:

"It is well settled that deductions from gross income are a matter of grace and that 'a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms'. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348. Not only is there no authority for any such deduction as is here claimed to be found within the law, but the Supreme Court has expressly decided that campaign expenses are not deductible from income. McDonald v. Commissioner, 323 U.S. 57, 65 S.Ct. 96, 97, 89 L.Ed. 68. It is true that in the case cited the taxpayer was defeated in the election, whereas the taxpayer here was elected and received the salary

342

of the office; but the reasoning of the court in denying the deduction is as applicable to this case as to that.

\* \* \* \* \* \*

"The salary of an office is paid for the performance of the duties of the office. Expenses incurred in such performance are proper deductions from income, but not expenses incurred in campaigning for the office."

Counsel for taxpayer contends that there is a distinction between entrance fee paid to the State Democratic Committee of Georgia and other campaign expenditures, but the Courts have not made such a distinction. Thus, this case falls squarely within the ruling of McDonald v. Commissioner, supra.

As an alternative to this claim for the deductibility of the $750.00 entrance fee as an ordinary and necessary business expense under Section 162, taxpayer further contends that this expenditure should constitute an expense incurred for the production of income which would be deductible under Section 212 of the 1954 Internal Revenue Code. This position, however, is without merit.

██ Section 212 did not create a new category of deductible items for expenditures relating to acquisition of future business income. Section 212 was enacted only to permit deductions for expenditures relating to non-business income. McDonald v. Commissioner, supra. In the McDonald case, the taxpayer urged the same contention, and the Supreme Court expressly rejected it.

The entrance fee expenditure in issue here was not disallowed as a deductible expense because it related to non-business income, so that Section 212 would have no applicability. Disallowance is because of the fact that the expenditure was not incurred in "carrying on" taxpayer's "business" of judge. McDonald v. Commissioner, supra, 323 U.S. page 59, 65 S.Ct. page 98.

FINDINGS OF FACT

1. This is a civil suit for refund of income taxes for the year 1958 in the amount of $225.24, brought by the plaintiffs, Horace E. and Edith B. Nichols, against defendant, United States of America.

2. Horace E. and Edith B. Nichols are husband and wife, residing in the Northern District of Georgia. For the calendar year 1958 they filed their Federal income tax return with the District Director of Internal Revenue, Atlanta, Georgia.

3. Horace E. Nichols was Judge of the Court of Appeals of Georgia during the calendar year 1958, having served in such capacity since 1954.

4. During 1958, Judge Nichols determined to seek re-election as Judge of the Court of Appeals for the ensuing term which ran from January 1, 1959, to December 31, 1964. In order to seek the nomination of the Democratic Party for said office, it was necessary that he pay a qualifying or entrance fee of $750.00 to the State Democratic Executive Committee of Georgia to enable him to run as a candidate in the 1958 Democratic Primary election.

5. The amount of this entrance or qualifying fee for the office of Judge of the Court of Appeals (as well as for other elective offices) was determined by the Georgia State Democratic Executive Committee assembled in regular session on May 23, 1958, in Atlanta, Georgia, and was published in the Rules and Regulations of said Committee governing Democratic Primary elections.

6. The amounts so collected as entrance fees were used by the Democratic Committee to defray expenses of the Democratic Party and a substantial portion of the fees collected as entrance fees from the various state-wide candidates for offices were prorated to the various counties of the State as expenses for the election machinery. No part of the entrance fees was used to advocate the candidacy of any candidate on a state-wide or national basis. No part of the entrance fees was ever reimbursed to any of the candidates, including taxpayer.

7. Judge Nichols won the nomination of the Democratic Party in the 1958 pri-

mary election. He subsequently ran as the Democratic candidate for Judge of the Court of Appeals in the 1958 general election and was elected for the six-year term of office, commencing January 1, 1959, and ending December 31, 1964, which office he presently occupies.

8. On their 1958 income tax return, plaintiffs claimed an income tax deduction for the $750.00 entrance fee which Judge Nichols had paid to the State Democratic Executive Committee of Georgia. The Internal Revenue Service disallowed deduction and an income tax deficiency resulted. After satisfaction of this deficiency, a claim for refund was properly filed, claiming that the entrance fee was deductible either as ordinary and necessary business expense under Section 162 of the 1954 Internal Revenue Code, or, in the alternative, as an expense incurred for the production of income under Section 212 of the 1954 Internal Revenue Code. Thereafter, the present suit for refund was filed advancing the same grounds for recovery as in the claim for refund.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this action under the provisions of Section 1346, Title 28 United States Code.

2. The $750.00 entrance fee paid in 1958 by Judge Nichols to the State Democratic Executive Committee of Georgia for the privilege of entering the Democratic Primary election as a candidate for election in the ensuing year was not an ordinary and necessary business expense in 1958 under Section 162 of the 1954 Internal Revenue Code. McDonald v. Commissioner, 323 U.S. 57, 65 S.Ct. 96, 89 L.Ed. 68; Shoyer v. United States, 3 Cir., 290 F.2d 817, cert. den. 368 U.S. 835, 82 S.Ct. 62, 7 L.Ed.2d 37; Mays v. Bowers, 4 Cir., 201 F.2d 401, cert. den. 345 U.S. 369, 73 S.Ct. 1111, 97 L.Ed. 1387.

3. The payment of $750.00 made by Judge Nichols in 1958 to the State Democratic Executive Committee of Georgia is not deductible as an expense incurred for the production of income under Section 212 of the 1954 Internal Revenue Code. Said expenditure did not relate to a profitable transaction not covered by the statutory concept of business income, and it is, therefore, not within the scope of Section 212. McDonald v. Commissioner, supra.

4. Judgment should be entered dismissing plaintiffs' complaint.