**Horace E. and Edith B. NICHOLS**

v.

**UNITED STATES of America.**

**Civ. A. No. 7135.**

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 9, 1963.

Houston White, Atlanta, Ga., for plaintiff.

Charles Goodson, U. S. Atty., Atlanta, Ga., for defendant.

MORGAN, District Judge.

A motion has been filed by Horace E. and Edith B. Nichols [1] as movants under Rule 60(b) (6) of the Federal Rules of Civil Procedure, seeking to correct a

---

1. Taxpayer Edith B. Nichols is a party only because of the fact that a joint income tax return was filed for the year 1958.

judgment rendered against them on January 22, 1962, following an adverse ruling of this Court on their petition for refund, said case being reported in D.C., 201 F.Supp. 337. The motion now under consideration was filed on December 12, 1962.

The statement of facts is fully set out in the opinion rendered by this Court on January 17, 1962, and this Court now deems it unnecessary to further elaborate on these facts.

The thrust of this motion filed is that this Court in granting judgment dismissing the petitioner's complaint for tax refund of $225.24 followed a ruling of the Supreme Court of Georgia, in Cox v. Peters, 208 Ga. 498, 67 S.E.2d 579 (1951), in which the Georgia Supreme Court ruled that a state-wide Democratic Primary election in Georgia was not an integral part of the election machinery of the State of Georgia, and basing its ruling on such case, this Court held that the $750.00 filing fee paid by Judge Nichols was not a state tax and, therefore, not deductible for income tax purposes.

The movants contend that, since the rendition of the judgment herein complained of, in this District Court a three-judge tribunal, composed of two Circuit Court Judges and one District Judge, by their ruling in Sanders v. Gray, D.C., 203 F.Supp. 158 (1962), rejected the ruling in Cox v. Peters, supra.

Movants contend that under Smith v. Allwright, 321 U.S. 649, 64 S.Ct. 757, 88 L.Ed. 987, cited with approval in Sanders v. Gray, supra, and under Revenue Ruling 57-345 C.B., 1957-2, taxpayers were entitled to have said filing fee of $750.00 paid by movant Nichols as a prerequisite to running in the 1958 state-wide Democratic Primary declared to be a state-imposed tax, and, as such, this fee became deductible for income tax purposes; that while Revenue Ruling 57-345 C.B., 1957-2, page 132, which permitted qualifying or filing fees to be deducted as a state tax, was revoked by subsequent Revenue Ruling 60-366 C.B., 1960-

2, page 63, said revocation is not applicable to movants' claim for the reason that Revenue Ruling 60-366 C.B., 1960-2, page 63, provides:

"The provisions hereof in respect to the nondeductibility of taxes, of the referred-to filing fee paid by candidates for public office, will not be applicable to fees paid prior to January 1, 1961."

Movant Nichols' filing fee was paid in 1958.

Movant Nichols asserts that, subsequent to the rendition of the judgment complained of, and subsequent to the ruling in Sanders v. Gray, supra, another identical claim to the one filed by movants herein was filed by Judge Jule W. Felton (another member of the Court of Appeals of Georgia) and that the same has been paid under Revenue Ruling 57-345 C.B., 1957-2, page 132.

Counsel for the defendant, in opposition to the motion, contend that the taxpayers' claim for refund was limited to the grounds presented in their claim and that taxpayers' claim for the deduction of the $750.00 filing fee was (1) as an ordinary and necessary business expense or, in the alternative, (2) as an expense incurred in the production of income, and that the claim filed was not broad enough to claim the filing fee on the basis of a tax.

To consider the merits of the motion, it first becomes necessary that this Court consider the question of the sufficiency of the claim filed by the taxpayers. This Court feels that Section 7422(a) of the Internal Revenue Code of 1954, and the U. S. Treasury Regulation go no further than to require the taxpayer to set forth facts sufficient to enable the Commissioner of Internal Revenue to make an intelligent administrative review of the claim. Here the taxpayers filed a claim of thirty-six (36) paragraphs setting forth the actual happenings with reasonable precision, and the Government taxing authorities could not have been misled by the trivial mislabeling.

■■ The purpose of the rule is to prevent surprise on the facts. We do not think that there is such a variance between the refund claim and the claim in court as to bar recovery. See Scovill Manufacturing Company v. Fitzpatrick, 2 Cir., 215 F.2d 567; Mayer v. United States, 9 Cir., 285 F.2d 683; and Lang v. United States, D.C., 134 F.Supp. 214.

This Court held in its decision on January 19, 1962, that, under Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, this Court must follow the state statutes (Georgia Primary Election Statutes) as construed by the Supreme Court of Georgia in Cox v. Peters, supra. However, since the date of this decision, a three-judge court in this district has rejected Cox v. Peters, supra, holding in Sanders v. Gray, supra:

> "[T]he conduct of a Primary election in Georgia is such an essential part in the total election process, its conduct and management is so closely supervised by State law, and the effect to be given it is so closely determined by statute that the action of the party in the conduct of its primary constitutes *state action*." (Emphasis supplied.)

Sanders v. Gray then cites as authority the case of Smith v. Allwright, 321 U.S. 649, 64 S.Ct. 757, 88 L.Ed. 987, a case construing the Texas primary election laws. Taxpayer contends that the Democratic Primary election in Georgia, being an integral part of the state election machinery, and the statute of Georgia, Code Section 34–3216, providing that the election expenses should be paid by the Party, the filing fee of $750.00 required was an enforced contribution pursuant to legislative authority and constituted a tax imposed by the State which is deductible for federal income tax purposes. Taxpayer cites Revenue Ruling 57–345 C.B., 1957–2, page 132, which permitted filing fees to be deductible in New Mexico and other states where state statutes impose a filing fee upon its candidates for elective offices to defray costs of primary elections. This Revenue Ruling 57–345 C.B., 1957–2, although revoked by a subsequent Revenue Ruling 60–366 C.B., 1960–2, page 63, said revocation is not applicable to taxpayer's claim for the reason that the subsequent Revenue Ruling 60–366 provides:

> "The provisions hereof in respect to the nondeductibility as taxes, of the referred-to filing fees paid by candidates for public office, will not be applicable to fees paid prior to January 1, 1961."

The filing fee here was paid in 1958 by Judge Nichols.

Since the rejection of Cox v. Peters, supra, and the ruling in Sanders v. Gray that a primary election in Georgia is an integral part of the election machinery of the State of Georgia, this Court is unable to distinguish the Georgia statutes requiring filing fees for candidates in primaries in Georgia from the New Mexico statute considered in the 1957 ruling, Revenue Ruling 57–345 C.B., 1957–2. Particularly is this true in view of the evidence and findings of fact by this Court concerning the distribution of the funds received from the qualifying fees.

It also has been made to appear to this Court that subsequent to Sanders v. Gray, supra, identical claims to the one filed by movants have been paid to other members of the Georgia Court of Appeals for filing fees paid to the Georgia State Democratic Executive Committee prior to January 1, 1961—all under Revenue Ruling 57–345 C.B., 1957–2.

■ For the reasons stated above, let an order be prepared vacating the judgment entered heretofore on January 22, 1962, and, further let a judgment be prepared entering judgment in the amount of $225.24, including interest and costs, on behalf of plaintiffs against the defendant.