HORACE E. AND EDITH B. NICHOLS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2202–71.    Filed May 21, 1973.

Horace E. Nichols, pro se.
*Edward P. Phillips*, for the respondent.

### OPINION

TANNENWALD, *Judge:* Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1968 in the amount of $610.44. The sole issue is whether a filing fee paid by petitioner Horace E. Nichols to the Democratic Party of Georgia in order to have his name placed on the State of Georgia's election ballot is a tax that qualifies for deduction for Federal income tax purposes under section 164 [1] or is otherwise deductible under either section 162 or 212.

All of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

Petitioners resided in Rome, Ga., at the time they filed their petition herein. They filed a joint Federal income tax return for the taxable year 1968 with the district director of internal revenue at Atlanta, Ga. Petitioner Edith B. Nichols is a party herein only by reason of having filed such joint return. Horace E. Nichols will hereinafter be referred to as petitioner.

Petitioner was appointed to the office of associate justice of the Supreme Court of Georgia on November 15, 1966, to fill a then-existing

[1] All section references are to the Internal Revenue Code of 1954.

vacancy. The appointment was effective until the next general election on November 5, 1968.

During the month of May 1968, petitioner qualified under the laws of the State of Georgia to run in the statewide Democratic primary election for the unexpired portion of his then-current term, i.e., November 6, 1968, through December 31, 1968, and for an ensuing 6-year term commencing on January 1, 1969.

Petitioner was unopposed in the May 1968 primary election and was accordingly nominated by the Democratic Party of Georgia as its candidate in the November 1968 general election. Petitioner was also unopposed and consequently elected in that general election.

Under the rules and regulations governing the Democratic Party of Georgia's 1968 primary election, petitioner was assessed an $1,800 filing fee in order to qualify as a candidate in the primary. Seventy-five percent of petitioner's filing fee was used to cover the cost of the Democratic Party of Georgia's 1968 primary election; the remaining 25 percent was used to finance the cost of that party's 1970 primary runoff. Petitioner deducted the $1,800 filing fee on his 1968 return, which respondent disallowed.

We are again confronted with the question of the extent to which campaign expenditures constitute an allowable deduction for income tax purposes under the principles laid down in *McDonald* v. *Commissioner*, 323 U.S. 57 (1944). We recently faced this question, in terms of the applicability of sections 162 and 212, and disallowed the deduction in *James B. Carey*, 56 T.C. 477 (1971), affirmed per curiam 460 F. 2d 1259 (C.A. 4, 1972). In this case, there is the further complicating factor that petitioner claims that the filing fee in question is deductible as a State tax under section 164 even if the deduction is not available under section 162 or section 212.

Prior to 1964, State taxes were generally deductible and, had the provisions of section 164 remained unchanged, we might have been constrained to conclude that petitioner should prevail on the ground that the filing fee constituted a State tax. *Nichols* v. *United States*, 223 F. Supp. 709 (N.D. Ga. 1963), vacating a prior decision against the petitioner on other grounds (201 F. Supp. 337 (involving the filing fee of this petitioner for a lower county judgeship in a pre-1964 year)); cf. *Campbell* v. *Davenport*, 362 F. 2d 624 (C.A. 5, 1966); *Maness* v. *United States*, 237 F. Supp. 918 (M.D. Fla. 1965), affirmed on another issue 367 F. 2d 357 (C.A. 5, 1966); see *Jack E. Golsen*, 54 T.C. 742, 756–758 (1970), affirmed on another issue 445 F. 2d 985 (C.A. 10, 1971). However, even assuming *arguendo* that the Georgia filing fee should properly be considered a State tax, we are now faced with a different question because the Revenue Act of 1964 substan-

tially modified section 164. As applicable to the taxable year involved herein, this section reads as follows:

SEC. 164. TAXES.

(a) GENERAL RULE.—Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued:

    (1) State and local, and foreign, real property taxes.

    (2) State and local personal property taxes.

    (3) State and local, and foreign, income, war profits, and excess profits taxes.

    (4) State and local general sales taxes.

    (5) State and local taxes on the sale of gasoline, diesel fuel, and other motor fuels.

In addition, there shall be allowed as a deduction State and local, and foreign, taxes not described in the preceding sentence which are paid or accrued within the taxable year in carrying on a trade or business or an activity described in section 212 (relating to expenses for production of income).

Clearly, the filing fee paid by petitioner during the taxable year in question is not encompassed within the provisions of section 164(a) (1) through (5). Consequently, if it is deductible as a tax, it must meet the requirements of the catchall clause, which allows a deduction for other State taxes "which are paid or accrued within the taxable year *in carrying on a trade or business or an activity described in section 212* (relating to expenses for production of income)." (Emphasis added.) Thus, our path takes us back to sections 162 and 212.

We think that, under the rationale of *McDonald* v. *Commissioner*, *supra*, petitioner has failed to meet the statutory conditions. In that case, the Supreme Court denied a deduction to a judicial candidate for amounts paid as a filing fee and as campaign expenses on the ground that such amounts were "not expenses incurred in being a judge but in trying to be a judge." See 323 U.S. at 60. As a consequence, the deduction was denied under both section 23(a) (1) (A) and section 23(a) (2) of the Internal Revenue Code of 1939 (the respective predecessors of sections 162 and 212).

We had occasion in *James B. Carey*, *supra*, to analyze in some detail the impact of the *McDonald* decision and we see no need to repeat that analysis here. It is sufficient to note those critical factors which underpin our conclusion that *McDonald* is controlling herein.

First, it is important to understand that the Supreme Court in *McDonald* focused on the phrase "carrying on any trade or business" and not on the phrase "ordinary and necessary." Such being the case, we view our task of construction as having the same frame of reference, free of any possible implication that, at least where a tax

is concerned, the "ordinary and necessary" requirement of section 162 may not have to be met.[2]

Second, we recognize, as we did in *Carey*, that we have refused to extend the rationale of *McDonald* to deny the deduction of employment agency fees. *Leonard F. Cremona*, 58 T.C. 219 (1972), on appeal (C.A. 3, Dec. 27, 1972) ; *David J. Primuth*, 54 T.C. 374 (1970). But, as we pointed out in *Carey*, there is a sufficient disparity between employment agency fees and campaign expenditures to justify the conclusion that the former should be dealt with under a different rubric.

Third, we are not impressed with petitioner's contention that filing fees, unlike general campaign expenses, are not variable and discretionary so that an allowance of a deduction for such fees would not tend to favor the wealthy by providing an inducement to persons of means to run for public office—a result which might be considered as contravening public policy or as constituting an unconstitutional discrimination. Cf. *Bullock* v. *Carter*, 405 U.S. 134 (1972). Moreover, it is an indisputable fact that a filing fee as well as campaign expenses was involved in *McDonald* and neither the opinion of Mr. Justice Frankfurter nor that of Mr. Justice Black drew any distinction between the two.

Finally, we think a word about public policy is in order. There would appear to be an element of contradiction in the view that the allowance of the deduction of a filing fee otherwise properly required as a condition for running for public office would be against public policy. But that is not the frame of the public policy consideration involved in this case. Rather the question we have before us is whether this Court should allow, in the absence of an explicit legislative mandate, the deduction of expenditures that are an inextricable part of the election process—one of the most sensitive elements in the fabric of the democratic way of life. We think that the considerations involved in such a question and the fact that the Supreme Court has spoken in an almost identical situation demand that we stay our hand.

The long and the short of our position is that this case fits the mold of *McDonald* v. *Commissioner*, *supra*, and we hold that it controls so as to disallow the deduction under section 162 and section 212, and consequently under the catchall clause of section 164 as well. We are reinforced in our conclusion by *Campbell* v. *Davenport*, *supra*, which, in the course of holding that a deduction for a Texas filing fee was not allowable under section 162 or 212[3] but was deductible as a State tax

---

[2] The legislative history indicates that the catchall language of sec. 164 was designed to permit deduction of taxes "even though otherwise they might have to be capitalized." See H. Rept. No. 749, 88th Cong., 1st Sess., p. 50 (1963) ; S. Rept. No. 830, 88th Cong., 2d Sess., p. 55 (1964).

[3] *Maness* v. *United States*, 367 F.2d 357 (C.A. 5, 1966), reaches the same conclusion.

under the then-existing section 164, clearly implied that if the question of the filing fee in that case had arisen under the amendment to section 164 by the Revenue Act of 1964, the deduction as a State tax would also have been disallowed. See *Jack E. Golsen, supra.* See also *Nichols* v. *United States,* 201 F. Supp. 337 (N.D. Ga. 1962) (which denied the petitioner herein the right to deduct under either section 162 or 212 the filing fee for a lower court judgeship in a pre-1964 year).

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

FAY, *J.,* dissenting: I respectfully submit that *McDonald* v. *Commissioner,* 323 U.S. 57 (1944), does not compel the result reached by the majority. In *McDonald* the Supreme Court held that campaign expenses incurred by a State court judge, who was serving as an interim appointee, in seeking election for a full term were not deductible under the predecessor of section 162 (i.e., sec. 23(a)(1), I.R.C. 1939) on the ground that they were not sustained in the business of "*being* a judge but in *trying to be* a judge." (Emphasis added.) See *McDonald* v. *Commissioner, supra* at 60. The Supreme Court further observed that the predecessor of section 212 (i.e., sec. 23(a)(2), I.R.C. 1939) was also not applicable.

In justifying its conclusion in *McDonald* the Supreme Court emphasized that there were strong public policy considerations for not allowing a deduction for campaign expenses incurred in running for public office and, therefore, that the sanctioning of such a deduction is more appropriately the prerogative of Congress rather than the judiciary.

The expenditures in *McDonald* and the instant case initially seem to be indistinguishable since the expenditures in both cases were incurred in the effort to attain public office. However, after closer examination of *McDonald,* I am convinced that the public policy considerations which operated to preclude allowance of the deduction in *McDonald* are not present in the case at bar. I agree that the judiciary should not intercede to permit a deduction for Federal income tax purposes of such a variable, discretionary item as campaign expenses incurred in running for public office. The authorization of such a policy theoretically could act as an inducement for wealthy people to offer themselves for public office. Accordingly, authorization of such a policy is appropriately the responsibility of Congress and not that of the judiciary. See *McDonald* v. *Commissioner, supra* at 63.

Nevertheless, the amount of petitioner's filing fee was not subject to his individual discretion. Each contestant for office in the Georgia Democratic Party primary was required to pay an assessed fee to finance the estimated cost of conducting the primary election. Each

contestant for the same office was assessed the same fee. Thus, since each contestant for the same office would be entitled to the same deductible amount, I believe that the public policy rationale underlying *McDonald* does not encompass items such as the instant filing fee.[1] Accordingly, I am convinced that the allowance of the deduction of the instant filing fee would not frustrate sharply defined public policy. See *Commissioner* v. *Tellier*, 383 U.S. 687, 694 (1966) ; *James B. Carey*, 56 T.C. 477, 485–486 (Judge Simpson's dissent) (1971), affirmed per curiam 460 F. 2d 1259 (C.A. 4, 1972), certiorari denied 409 U.S. 990 (1972).

As I read *McDonald*, the deductibility of the instant filing fee under section 212 is precluded only if the public policy considerations inherent in *McDonald* are also applicable in the instant case.[2] Accordingly, since I have concluded that the public policy considerations of *McDonald* are not applicable in the instant case, and since petitioner's filing fee was expended in an effort to attain an income-producing activity, I would permit the deduction of this item under section 212.

This conclusion is supported by this Court's decisions in *James B. Carey, supra; David J. Primuth*, 54 T.C. 374 (1970) ; *Leonard F. Cremona*, 58 T.C. 219 (1972). In *Carey* this Court observed that—

in light of the additional fact that the actual majority in *McDonald* was obtained by a simple concurrence in result by Mr. Justice Rutledge, it is questionable whether the legal theory espoused in the opinion of the Court [i.e., the Supreme Court of the United States] has as wide an application as respondent would have us believe. Indeed, the Court itself indicated that the broad brush stroke of its opinion might be more apparent than real, when it stated that it would leave to this Court the "detailed analysis of the special circumstances of various 'businesses' and expenses incident to their 'carrying on' " and the consequent determination of the "allowed or disallowed deductions." See 323 U.S. at 65. *It seems to us that the Court clearly left room for different results in different factual situations.* Compare *Caruso* v. *United States*, 236 F. Supp. 88 (D.N.J. 1964). [Emphasis added. *James B. Cary, supra* at 480.]

I believe that the case at bar involves one of those different factual situations which justifies a result different from that in *McDonald*.

In *Primuth* and *Cremona* this Court concluded that employment agency fees were deductible under section 162 where the taxpayer is either successful (*Primuth*) or unsuccessful (*Cremona*) in his efforts

---

[1] I recognize that the record does not clarify whether each participant in the primary was assessed a uniform, pro rata fee, or whether the amount of the fee was contingent upon the significance of the specific office within the State political structure. Since the issue of whether the filing fee was based on a sliding-scale method is not specifically before us in the instant case, I will not consider its impact at this time.

[2] In *McDonald* v. *Commissioner*, 323 U.S. 57 (1944), the Supreme Court expressly stated that running for the office of a State court judge did not constitute the trade or business of being a judge. See *McDonald* v. *Commissioner, supra* at 59–60. Therefore, since petitioner was also running for election as a judge and since this activity does not constitute a trade or business, petitioner's filing fee is not deductible under sec. 162.

to obtain a new position of a type similar to his present one. The public policy considerations that were applicable in *McDonald* and *Carey* did *not* preclude the deduction under section 162 in either *Primuth* or *Cremona*. Analogously, I believe that these same public policy considerations are not applicable in the case at bar and thus should not preclude the deduction of petitioner's filing fee under section 212.[3]

STERRETT, *J.*, agrees with this dissent.

[3] Since I have concluded that petitioner's filing fee is deductible under sec. 212, I do not find it necessary to consider petitioner's alternative argument that the filing fee is deductible as a State tax under sec. 164.