JACK and IRENE HICKMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hickman v. Commissioner
Docket No. 7882-71.
United States Tax Court
T.C. Memo 1973-232; 1973 Tax Ct. Memo LEXIS 52; 32 T.C.M. (CCH) 1095; T.C.M. (RIA) 73232; October 23, 1973, Filed *52 Petitioner-wife, a cash-basis taxpayer, incurred and paid for certain campaign expenses in calendar year 1966. She claimed a deduction for those expenses on her income tax return for calendar year 1967. Held: that petitioner was not entitled to deduct, in year 1967, expenses paid in 1966. Irene Hickman, pro se William E. Saul, for the respondent. IRWIN
MEMORANDUM OPINION IRWIN, Judge: Respondent determined a deficiency in petitioner's income tax of $2,068 for the calendar year 1967. The only issue presented for decision relates to the disallowance by the respondent of a deduction for campaign expenses, claimed by petitioner in the year 1967, and paid in the year 1966. 2 The facts of this case have *53 been fully stipulated and are so found. Jack and Irene Hickman are cash-basis taxpayers who filed a joint Federal income tax return for the calendar year 1967 with the Internal Revenue Service Center, Ogden, Utah. At the time of the filing of their petition herein, they resided in Carmichael, Calif. Since Jack is a party to this action only because he filed a joint return with his wife, only Irene will hereinafter be referred to as petitioner. Petitioner is an osteopathic physician and surgeon, licensed by the State of California. She first obtained her license in 1949. In 1965 a scandal arose in California regarding favoritism by certain county assessors in determining property values for purposes of assessing county property taxes. As a result of the controversy petitioner decided to seek the office of county assessor of Sacramento County for the term beginning January 1967. Because the scandal had involved payments to assessors, the Hickmans resolved not to accept campaign contributions in order to avoid any appearance of impropriety.Instead, they decided to fund petitioner's entire campaign themselves. On June 7, 1966, petitioner received over 50 percent of the votes *54 cast in the primary election. Thus under California law she was elected without having to run in the general election. 3 The total cost of the campaign, $9,226.29, was paid by petitioner. [1] The costs in controversy, $7,012, were incurred and paid in 1966. When the incumbent county assessor died in July 1966, petitioner was appointed to take office September 15, 1966, to fulfill the unexpired term. On her income tax return for the year 1967, petitioner claimed a deduction for the $9,226.29 in campaign expenses. Respondent subsequently disallowed $7,012 of that amount. Generally, expenses incurred while campaigning for public office are not deductible. See McDonald v. Commissioner, 323 U.S. 57 (1944), and Horace E. Nichols, 60 T.C. 236 (1973), on appeal (C.A. 5, August 9, 1973). In the present case, however, we need not consider that *55 issue because petitioner, a cash-basis taxpayer, incurred and paid for her campaign expenses in 1966, yet she claimed the deduction on her return for calendar year 1967. Section 461(a) of the 1954 Code provides as follows: (a) General Rule. - The amount of any deduction or credit allowed by this subtitle shall be taken for the taxable year which is the proper taxable year under the method of accounting used in computing taxable income. 4 Section 1.461-1(a), Income Tax Regs., provides that: Under the cash receipts and disbursements method of accounting, amounts representing allowable deductions shall, as a general rule, be taken into account for the taxable year in which paid. * * * In the present case petitioner has stipulated that she paid her campaign expenses in 1966. Accordingly, she was not entitled to the deduction in 1967. Decision will be entered for the respondent. Footnotes
1. The stipulation of facts submitted by the parties states that the total cost of the campaign was $7,012. Examination of petitioner's income tax return and respondent's statutory notice of deficiency, however, indicate that the total cost of the campaign was $9,226.29, $7,012 of which was disallowed. ↩