JAMES L. EASLEY and BARBARA J. EASLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Easley v. Commissioner
Docket No. 10649-75
United States Tax Court
T.C. Memo 1977-341; 1977 Tax Ct. Memo LEXIS 99; 36 T.C.M. (CCH) 1376; T.C.M. (RIA) 770341; September 28, 1977, Filed Anthony J. Bradisse, for the petitioners. John W. Harris, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $2,412.00 in petitioners' 1972 Federal income tax. Because of concessions by petitioners, the only issue remaining for our consideration is the deductibility of expenses incurred in seeking election as an officer of a labor union. This case was submitted upon a full stipulation of facts which is incorporated herein by this reference. Petitioners, husband and wife, resided in Covina, California, at the time of filing their petition herein. They timely filed their 1972 Federal income tax return with the internal revenue service center at Fresno, California. For over 20 years, James L. Easley (hereinafter "petitioner") was active *100 in labor union affairs. During 1970, petitioner was appointed by the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers to be an administrative officer of Local 208, which at the time of such appointment, was under trusteeship. As an administrative officer, petitioner managed Local 208. Petitioner earned $25,000 salary in 1972 as a union administrator. In the fall of 1972, petitioner campaigned unsuccessfully for election to the position of secretary-treasurer of Local 208. In seeking such office, petitioner incurred $6,365.98 in campaign-related expenses for which he claimed a $6,366.00 deduction on his 1972 Federal income tax return. Respondent does not dispute either the purpose or amount of the expenditure in question. Campaign-related expenses have been a fertile subject for tax litigation in which taxpayers have been uniformly unsuccessful. See e.g., McDonald v. Commissioner,323 U.S. 57 (1944); Levy v. United States535 F.2d 47 (Ct. Cl. 1976); Martino v. Commissioner,62 T.C. 840 (1974); Nichols v. Commissioner,60 T.C. 236, affd. per curiam 511 F.2d 618 (5th Cir. 1975); *101 Carey v. Commissioner,56 T.C. 477 (1971), affd. per curiam 460 F.2d 1259 (4th Cir. 1972). While most of the cases have involved seekers of "public office," as that term is traditionally viewed, these unsuccessful efforts have encompassed seekers of labor union offices as well. Burroughs v. United States, an unreported opinion, 31 AFTR 2d 73-415, 73-1U.S.T.C. par. 9131 (E.D. Cal. 1972); Carey v. Commissioner,supra;Vernon v. Commissioner,T.C. Memo. 1959-189, affd. per curiam 286 F.2d 173 (9th Cir. 1961). The rationale underpinning the denial of the deduction is two-pronged: (1) campaign expenses are incurred to engage in the trade or business of being an elected official in the future and (2) public policy dictates that any tax benefits to be derived from expenditures incurred in connection with the functioning of the public or quasi-public elective process should be specifically sanctioned by legislative action. See McDonald v. Commissioner,supra;Carey v. Commissioner,supra.
To counteract the first prong, petitioners rely upon *102 our decision in Primuth v. Commissioner,54 T.C. 374 (1970), where we held deductible employment agency fees incurred in obtaining a new position in a similar line of business. However, we have previously examined Primuth in the context of campaign expenses and found it inapposite. See Carey v. Commissioner,56 T.C. at 480-481. See also Levy v. United States,535 F.2d at 50; Martino v. Commissioner,62 T.C. at 844-845; Nichols v. Commissioner,60 T.C. at 239. Moreover, we do not agree with petitioners that the drawing of a distinction between elective office-seekers and non-elective private employment seekers is unconstitutionally discriminatory. Cf. Nichols v. Commissioner,60 T.C. at 239. Petitioners challenge the second prong by contending that no public policy is frustrated by allowing a deduction for labor union campaign expenses. [1] Here again, we have previously examined this position and found it unpersuasive. See Carey v. Commissioner,supra.
*103 In short, as we stated in Carey v. Commissioner,56 T.C. at 483, we think that, if a deduction, such as is claimed herein, is to be allowed, "Congress should unequivocally so provide." [2] See also Martino v. Commissioner,62 T.C. at 845; Nichols v. Commissioner,60 T.C. at 239. Decision will be entered for the respondent. Footnotes
1. Petitioners do not argue the applicability of section 1.162-1(a), Income Tax Regs., providing that if deductions are otherwise allowable under section 162, they shall not be disallowed on public policy grounds. Because of the two-pronged judicial approach to campaign expenses, it cannot be said that such expenses are otherwise allowable nor can it be said that their nondeductibility hinges solely on public policy considerations. See Uhlenbrock v. Commissioner,67 T.C. 818, 824↩ and n.7 (1977).
2. We are not unaware of the suggestion in Carey v. Commissioner,56 T.C. 477, 483, n.5 (1971), affd. per curiam 460 F.2d 1259 (4th Cir. 1972), that there may be some union offices to which our public policy articulation would not apply. But elections of officers of local unions are encompassed within the so-called Labor-Management Act of 1959 (see 56 T.C. at 481-482↩) with the result that we are not prepared to carve out an exception for the office to which petitioner herein sought to be elected, particularly since petitioners have furnished us no evidentiary basis for so doing.