CHAS. D. LONG AND GERTRUDE G. LONG, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64164.    Filed May 29, 1959.

*Milton Yawitz, Esq.*, and *Robert H. Batts, Esq.*, for the petitioners.
*James H. Martin, Esq.*, for the respondent.

BRUCE, *Judge:* This proceeding involves a deficiency in income tax for the year 1953 in the amount of $988.86.

The issues for decision are (1) whether amounts expended by a lawyer in campaigning for election to the governing board of a business-social club constitute ordinary and necessary expenses of his law practice, and, if so, whether such expenditures are capital in nature, and (2) whether respondent erred in disallowing as ordinary and necessary business expense deductions one-third of certain club membership dues paid by said lawyer.

FINDINGS OF FACT.

Some of the facts were stipulated, are so found, and are incorporated herein by this reference.

Petitioners, Chas. D. Long and Gertrude G. Long, are husband and wife (hereinafter Chas. D. Long will be referred to as petitioner). During the year 1953 petitioner resided in St. Louis, Missouri. Their joint Federal income tax return for the year 1953 was filed with the district director of internal revenue, St. Louis, Missouri. The wife has been joined in this proceeding solely by reason of her being a party to said joint return.

During the year 1953 petitioner practiced law in the State of Missouri and elsewhere as a senior partner in the law firm of Rassieur, Long & Yawitz, St. Louis, Missouri.

During the year 1953 petitioner was a member of the Missouri Athletic Club (hereinafter referred to as the Athletic Club), a business-social club located in St. Louis, Missouri. During the calendar year 1953 the Athletic Club had a membership of 4,500, of which 3,350 were resident members.

A number of petitioner's clients were members of the Athletic Club, and, on occasion, petitioner had lunch at the Athletic Club with several of such member-clients.

Taylor Patten, a client of petitioner's law firm and a member of the nominating committee of the Athletic Club, urged petitioner to run for election to the board of governers. Petitioner at first refused, but upon a subsequent request and following consultation with other members of his law firm, he consented.

In waging his campaign for election petitioner incurred expenditures of $1,487.42, of which $57.20 represented the costs of a dinner and luncheon for his campaign workers. The balance represented costs of printing, letter writing, mailing, stenographic help, and pictures.

Petitioner's campaign was successful and he was elected for a 3-year term. The board of governors consists of 15 members, 5 of whom are elected annually for a term of 3 years.

During the year 1953 petitioner was also a member of the Algonquin Golf Club (hereinafter referred to as the Golf Club), Webster Groves, Missouri.

Petitioner used the facilities of both the Athletic Club and the Golf Club for business and personal purposes. He noted the business or personal nature of his club expenditures on his check stubs, and maintained monthly records of his club expenditures, segregating the amounts according to whether they were regarded as business or personal expenditures.

Neither the campaign expenses nor the club dues were claimed as deductions from partnership income on the partnership income tax return of the law firm of Rassieur, Long & Yawitz for the year 1953.

On their joint return for the year 1953 petitioners claimed as a

miscellaneous deduction for club memberships the sum of $779.64. Of this total amount, $565.94 represents membership dues paid by petitioner to the Athletic Club and the Golf Club. Petitioners also claimed as a miscellaneous deduction the amount of $1,487.42 representing expenses of the campaign for election.

Respondent, in his statutory notice, disallowed as deductions one-third of the membership dues paid to the Athletic and Golf Clubs and the entire amount of the campaign expenses.

OPINION.

Petitioner claims the right to deduct as ordinary and necessary business expenses costs incurred while campaigning for election to the governing board of the Athletic Club, as well as the entire amount of monthly membership dues which were paid to the Athletic Club and to the Golf Club.

Section 23(a)(1)(A) of the 1939 Code provides that "[a]ll the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business" shall be allowed as deductions in computing net income. Section 24(a)(1) prohibits the deduction of personal, living, or family expenses.

Whether or not a particular expenditure constitutes a deductible business expense is a question of fact. The taxpayer has the burden of proving that the expenditure is of a business, rather than a personal, nature. *Louis Boehm*, 35 B.T.A. 1106.

In order to be deductible an expenditure must be both ordinary and necessary, *Welch* v. *Helvering*, 290 U.S. 111 (1933), as well as directly and proximately related to the conduct of the taxpayer's trade or business. *Louis Boehm, supra;* Regs. 118, sec. 39.23(a)–1.

Petitioner contends that since he joined both clubs solely for business reasons the entire amount of the monthly club membership dues is deductible. We do not agree with this contention.

Even assuming, but not deciding, that petitioner's original purpose for joining was business in nature, such original business motive does not control the status of all subsequent club expenditures. In light of petitioner's own testimony that he used both clubs for both business and personal purposes, respondent's allowance of only two-thirds of the entire amount paid for club dues is reasonable and proper. By not introducing any contrary evidence, petitioner has failed to meet his burden of proving respondent's determination incorrect. Cf. *Richard A. Sutter*, 21 T.C. 170.

Petitioner further contends that the expenses incurred in his campaign for election to the governing board are ordinary, necessary, and directly and proximately related to the conduct of his law practice. In support of this contention petitioner claims that a client of the firm who was a member of the Athletic Club nominating board re-

quested him to run for election; that other clients of his firm, who were also members of the Athletic Club, supported his campaign; that these clients were responsible for a considerable portion of the firm's fees; and that following petitioner's election his law firm's business and fees increased.

We have found as a fact that petitioner was nominated for office by a client of his law firm and it is probable that petitioner's campaign received the support of a number of his clients. Assuming, additionally, that these clients were responsible for 35 per cent of the firm's fees, as testified by petitioner, and also that the firm's business and fees increased following petitioner's election to the board of governors of the Athletic Club, it does not necessarily follow that the expenditures paid or incurred by petitioner in obtaining such office constituted ordinary and necessary expenses incurred in the carrying on of a trade or business within the meaning and intendment of section 23(a)(1)(A). Petitioner has pointed to no specific item of business or fee received by him or his firm as the direct result of his campaign expenditures.

Apparently most of the members who lunched together at the "round table" and who favored petitioner's election to the board of governors, were already clients of his firm. It was the acquaintanceship gained from their previous attorney-client relationship which caused them to nominate and support him for membership on the board of governors, rather than his being a member of the board of governors that caused them to become his clients. It is obvious that petitioner's election to the board of governors was a personal rather than a business matter not only to petitioner but to those who were responsible for his nomination and election. Patten, the client who nominated him, testified it did not affect his business for petitioner to be or not to be a member of the board of governors of M.A.C.—"Our particular business wouldn't benefit in any way."

The relationship of the expenses here involved to the flow of income to petitioner is even more remote than expenditures incurred in obtaining public office which the Supreme Court has held are not deductible. See *McDonald* v. *Commissioner*, 323 U.S. 57.

We recognize that the running for, and holding of, office in both public and social organizations is not uncommon among lawyers. We also realize that through election to office a lawyer's reputation may be enhanced and his business "contacts" increased. But, in the absence of more substantial evidence, to imbue the vague relationship between campaign expenses and the alleged business increases with the aura of the ordinary, necessary, and direct relationship prerequisites of section 23(a)(1)(A) would unduly extend its intended scope.

*Decision will be entered for the respondent.*