Charles D. LONG and Gertrude G. Long,
Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 16335.

United States Court of Appeals
Eighth Circuit.

April 13, 1960.

Milton Yawitz, St. Louis, Mo., for petitioner.

Chas. B. E. Freeman, Atty., Tax Division, Dept. of Justice, Washington, D. C., for respondent.

Before GARDNER, VOGEL and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Circuit Judge.

This matter is before us on petition to review a decision of the Tax Court which disallowed certain expenditures claimed by taxpayers as ordinary and necessary business expenses. The wife has been joined solely by reason of her being a party to the joint return and hereinafter Charles D. Long will be referred to as petitioner or taxpayer. The income tax transaction involved is for the year 1953.

At all times pertinent to the issues here involved taxpayer was a practicing lawyer. During the year 1953 he practiced law in the State of Missouri and elsewhere as a senior partner in the law firm of Rassieur, Long & Yawitz, St. Louis, Missouri. During this same period he was a member of the Missouri Athletic Club, a business-social club in St. Louis, Missouri, and he was also a member of the Algonquin Golf Club of Webster Groves, Missouri. During the tax year he paid as dues to these two clubs the aggregate amount of $565.94 and in his income tax return claimed this amount as a business expense deduc-

tion. During the tax year he was nominated to the Board of Governors of the Missouri Athletic Club and expended in his campaign for election the sum of $1,487.42, which amount he also claimed as a business expense deduction. The Commissioner disallowed one-third of the club dues paid by the taxpayer and disallowed the entire amount expended in his campaign for election to the Board of Governors of the Missouri Athletic Club. From the decision of the Commissioner disallowing his claimed deductions on account of club dues and campaign expenses and redetermining the amount of his tax due, petitioner appealed to the Tax Court. On trial, the court found the issues in favor of the Commissioner and entered decision upholding the deficiency of taxpayer's income tax as redetermined by the Commissioner.

It was the contention of the taxpayer in the Tax Court that the expenditures for club dues and campaign expenses were deductible from his income for the tax year and were allowable as ordinary and necessary business expense under Section 23(a) (1) (A), Internal Revenue Code of 1939, 26 U.S.C.A. § 23(a) (1) (A), and he renews that contention here.

▮▮▮ The courts are in accord that deductions from gross income are a matter of legislative grace and do not turn on general equitable considerations and the burden of clearly showing the right to the claimed deduction is on the taxpayer. F. Strauss & Son, Inc. v. Commissioner of Internal Revenue, 8 Cir., 251 F.2d 724; Deputy v. Dupont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Omaha Nat. Bank v. Commissioner of Internal Revenue, 8 Cir., 183 F.2d 899, 25 A.L.R.2d 628; O'Malley v. Yost, 8 Cir., 186 F.2d 603; Wetterau Grocer Co. v. Commissioner of Internal Revenue, 8 Cir., 179 F.2d 158; Montana Power Co. v. United States, 3 Cir., 232 F.2d 541. Whether or not the expenditures are ordinary and necessary business expenses is a question of fact to be determined

from all the evidence and circumstances of each case. Commissioner of Internal Revenue v. Heininger, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171. It is argued by taxpayer that the testimony in support of his contention was uncontradicted and reasonable and hence should have been accepted by the Tax Court as controlling. The testimony was in conflict with the Commissioner's finding, which was prima facie correct, and in its nature consisted largely of estimates and opinions which the court was not bound to believe, and it was also in conflict to some extent with the testimony of taxpayer's witness Patten. It was, of course, a function of the Tax Court as the trier of issues of fact to weigh the evidence and to determine the credibility of the witnesses. Gloyd v. Commissioner of Internal Revenue, 8 Cir., 63 F.2d 649.

In the instant case, as observed, the court had before it the determination of the Commissioner, which is prima facie correct, and the testimony of witnesses. There is little conflict in the evidence. Taxpayer was a member of the Missouri Athletic Club, which had a membership of 4,500, as were many of the clients of his firm. He was solicited to become a candidate for membership on the Board of Governors of this club and after consulting with his law partners and certain of his associates he became a candidate and was elected. His own testimony indicates that his relations to the club were both for business and social purposes. One of his witnesses testified that the taxpayer's election to the Board of Governors of the Athletic Club did not affect or benefit the witness's business firm. The Tax Court in the course of its findings on this point said:

"Even assuming, but not deciding, that petitioner's original purpose for joining was business in nature, such original business motive does not control the status of all subsequent club expenditures. In light of petitioner's own testimony that he used both clubs for both business and personal purposes, respondent's allowance of only two-thirds of the entire amount paid for club dues is reasonable and proper. By not introducing any contrary evidence, petitioner has failed to meet his burden of proving respondent's determination incorrect."

This finding is presumptively correct and should not be set aside unless clearly erroneous. We agree with the Tax Court that the taxpayer has failed to produce convincing evidence that the determination of the Commissioner was erroneous and hence the Commissioner's finding that only two-thirds of the club dues should be allowed as an ordinary and necessary business expense must be sustained.

It remains to consider the contention that the campaign expense incurred by taxpayer was allowable as a business expense. The statute does not define nor determine what is or is not an "ordinary and necessary" business expense. Taxpayer was a lawyer, a professional man as distinguished from a business man. The Missouri Athletic Club was not an association of lawyers, nor is it conceivable that an election to its Board of Governors would enhance either his skill, usefulness, or reputation as a lawyer. In referring to the value of a membership on the Board of Governors of the Missouri Athletic Club, the Tax Court in its decision said:

"Apparently most of the members who lunched together at the 'Round Table' and who favored petitioner's election to the Board of Governors, were already clients of his firm. It was the acquaintanceship gained from their previous attorney-client relationship which caused them to nominate and support him for membership on the Board of Governors, rather than his being a member of the Board of Governors that caused them to become his clients."

Taxpayer in his testimony estimated that during the tax year 35% of his law firm's income came from members of the Athletic Club. As observed by the Tax Court, he produced no specific evi-

242

dence of any amounts received as attorney fees from members but simply gave his estimate, although evidence of such alleged payments was manifestly available in the account books of his law firm. What is said by this Court in F. Strauss & Son, Inc. v. Commissioner of Internal Revenue, supra, is, we think, peculiarly apposite. In that case taxpayer was a wholesale liquor dealer. It was interested in defeating an initiated measure in the nature of a prohibition act and for that purpose it contributed to a campaign fund, which contributions it sought to deduct as a business expense. In the course of the opinion it is, among other things, said:

"It cannot, we think, be reasonably contended that expenditure in conducting a campaign for the defeat of a proposed prohibition enactment was an ordinary and necessary expense of 'carrying on' a wholesale liquor business. The corporation was empowered by its charter to conduct a wholesale liquor business and it was not empowered by its charter or articles of incorporation to conduct political campaigns. In McDonald v. Commissioner, supra [323 U.S. 57, 65 S. Ct. 97], petitioner made very substantial expenditures in his campaign to be reelected a judge and he sought to deduct these expenditures as ordinary and necessary business expenses. In denying the right to make these deductions, the court among other things said:

" 'He could, that is, deduct all expenses that related to the discharge of his functions as a judge. But his campaign contributions were not expenses incurred in being a judge but in trying to be a judge for the next ten years.'

"In that case, as in the instant case, it was urged that the expenditure was necessary as his defeat in the election would ruin his business. Quite aside from the Treasury Regulation, we think it cannot be said that this statute, Section 23(a) (1)

(A) of the Internal Revenue Code of 1939, is a clear provision for such allowance." [251 F.2d 726.]

We are not persuaded that the expenditure made by him in his campaign for election to membership on the Board of Governors of the Athletic Club was an ordinary and necessary business expense of taxpayer's law practice. The decision of the Tax Court is therefore affirmed.