*Decision will be entered under Rule 50.*

ALEXANDER P. REED AND GERTRUDE S. REED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78151.   Filed October 31, 1960.

*Alexander P. Reed, Esq., pro se.*
*Leo A. Burgoyne, Esq.,* for the respondent.

BRUCE, *Judge:* This proceeding involves a deficiency in Federal income tax for the year 1956 in the amount of $408.21.   The sole issue is whether amounts allegedly incurred by an attorney engaged in the practice of law in Pittsburgh, Pennsylvania, in attending a meeting of the International Law Association in Dubrovnik, Yugoslavia, in 1956, are deductible as ordinary and necessary expenses of his law practice.

### FINDINGS OF FACT.

The stipulated facts are so found and are incorporated herein by this reference.

Alexander P. Reed and Gertrude S. Reed, husband and wife, are residents of Pittsburgh, Pennsylvania.   They filed a timely joint income tax return for the year 1956 with the district director of internal revenue, Pittsburgh, Pennsylvania.

Alexander P. Reed, hereinafter referred to as petitioner, was admitted to the practice of law in 1910 and was engaged in such practice until 1915, at which time he became associated with the Fidelity Trust Company (now the Pittsburgh National Bank), Pittsburgh, Pennsylvania, first as trust officer, then as vice president, and later as president and chairman of the board of directors.   In 1955 petitioner retired from his position with the then Fidelity Trust Company.

Petitioner has always been interested in international relations and has been active in the Pittsburgh, Pennsylvania, branch of the Foreign Policy Association and the United Nations Association of Pittsburgh, Pennsylvania.

Petitioner has encouraged in many ways the exchange of students between countries, believing that such an exchange would afford the citizens of the exchanging countries the opportunity to know each other as individuals. When petitioner retired from his position with the then Fidelity Trust Company he traveled around the world, visiting South America, Africa, and Asia. This world trip confirmed petitioner's opinion that more people should interest themselves in international relations and in student and cultural exchanges.

Upon his return to Pittsburgh petitioner opened an office for the general practice of law in December of 1955.

Shortly after opening his law practice, in the early part of 1956, petitioner joined the American Branch of the International Law Association, hereinafter sometimes referred to as the I.L.A. The I.L.A. is a professional association founded in 1873 and devoted to the advancement of international law and the peaceful settlement of international disputes. Membership is limited to lawyers.

Petitioner was appointed a delegate to represent the American Branch of the I.L.A. at its 1956 meeting to be held in Dubrovnik, Yugoslavia, commencing on August 26 and ending on October 2, 1956. Petitioner attended such meeting, accompanied by his wife, for the period August 26 through August 30, 1956. The Dubrovnik conference was attended by approximately 300 lawyers from 36 countries. Half of the lawyers in attendance were law school professors. At the Dubrovnik conference the program included lectures and reports pertaining to: The active and peaceful coexistence of states, review of the United Nations Charter, the uses of the waters of international rivers, international company law, air law, international monetary law, protection of medical services in time of war, family relations, and international insolvency.

The Dubrovnik conference adopted certain resolutions pertaining to, *inter alia*, the desirability of amending certain articles of the United Nations Charter and the strengthening of the United Nations into an effective instrument for the maintenance of law and order in the world. Also, a statement of principles pertaining to the development of rules of international law with respect to international rivers was adopted.

Petitioner's itinerary at the time he attended the Dubrovnik conference included the following cities on the following dates:

| Place | Date |
|---|---|
| Sailed from New York on Conte Biancamana (Italian Line) | Aug. 7, 1956 |
| Landed in Genoa, Italy | Aug. 17, |
| Vienna, Austria—Zagreb and Opatka, Yugoslavia | Aug. 18–24 |
| Dubrovnik, Yugoslavia—attending conference of the I.L.A. | Aug. 25–30 |
| Athens, Greece | Sept. 2–6 |
| Island of Rhodes (confined to bed for 3 or 4 days with a bad cold) | Sept. 7–17 |

| Place | Date |
|---|---|
| Rome, Florence, Stressa and Milan, all in Italy | Sept. 17–Oct. 8 |
| Nice, France | Oct. 9–13 |
| Barcelona, Spain | Oct. 13–15 |
| Bus tour of Spain | Oct. 15–23 |
| Lisbon, Portugal | Oct. 24–28 |
| New York via TWA | Oct. 29 |

Petitioner reported on Schedule C of the 1956 income tax return the following gross receipts, expenses, and net income from his law practice:

| | |
|---|---|
| Gross receipts | $6,776.38 |
| Expenses | 3,104.74 |
| Net income | 3,671.64 |

Included in his above expenses of $3,104.74 was an amount of $1,154 designated as expenses of attending lawyers' conference. The amount deducted does not represent the entire cost of the trip to Europe. Petitioner estimated that he expended the amount of $1,154 in the following manner: First, petitioner determined what the transportation charges would have been had he traveled from Pittsburgh, Pennsylvania, to Dubrovnik, Yugoslavia, via New York and Genoa, Italy. This would have amounted to $1,064, as follows:

| | |
|---|---|
| (a) Pittsburgh, Pennsylvania, to New York and return | $64 |
| (b) New York to Genoa, Italy, and return | 900 |
| (c) Genoa, Italy, to Dubrovnik, Yugoslavia, and return | 100 |
| Total | 1,064 |

To this amount petitioner then added an amount of $90, representing $40 expended for hotel accommodations at Dubrovnik and $50 for tips and incidentals, making a total claimed deduction of $1,154. The amount of $1,154 claimed by petitioner does not include any expenses of petitioner's wife.

Petitioner's gross receipts from his law practice in 1956 represent fees obtained from local practice. His practice in 1956 did not involve any cases in the international law field. Petitioner realized no income directly or through referrals in 1956 or subsequent years as a result of the Dubrovnik conference.

The amount of $1,154 claimed by petitioners as expense in attending a meeting of the International Law Association held in Dubrovnik, Yugoslavia, is a personal expense and is not deductible as an ordinary and necessary business expense.

OPINION.

Petitioner, a lawyer with a domestic and local law practice in Pittsburgh, seeks to deduct as an ordinary and necessary business expense

under section 162(a)(2), I.R.C. 1954,[1] that portion of his European traveling costs which was allegedly incurred in attending a meeting of the International Law Association in Dubrovnik, Yugoslavia, as an appointed delegate of the American Branch of that association.

The prerequisites for deductibility under section 162 are well established. In discussing the essentially similar section 23(a)(1)(A) of the 1939 Code we stated in *Chas. D. Long*, 32 T.C. 511, 513, affd. 277 F. 2d 239, citing *Welch* v. *Helvering*, 290 U.S. 111, and *Louis Boehm*, 35 B.T.A. 1106, as authority: "In order to be deductible an expenditure must be both ordinary and necessary, * * * as well as directly and proximately related to the conduct of the taxpayer's trade or business." Petitioner's alleged expenses fail to satisfy any of these prerequisites.

The record indicates that petitioner was engaged in a practice of law which was strictly of a local nature. For many years he had been associated with a bank. After retiring from the bank and entering the private practice of law he was apparently primarily concerned with wills, estates, and the like. Petitioner did not file a brief in this case, but his position, as reflected in his petition, is that he joined the International Law Association in order to make contacts, enhance his reputation, and attract clients.

Petitioner testified that his "first purpose" in attending the Dubrovnik conference "was to try to do something toward world peace." Such an altruistic motive, commendable as it may be, does not suffice to meet the statutory prerequisites of section 162 since it is totally unrelated to petitioner's business. See sec. 1.162–2(d), Income Tax Regs.[2] We are, moreover, unable to discern any direct and proximate relationship between the purpose of the Dubrovnik conference as reflected by its agenda and petitioner's domestic and local law practice in Pittsburgh. Petitioner testified that he did not derive any fees in

---

[1] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

    *       *       *       *       *       *

(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *

[2] SEC. 1.162–2. TRAVELING EXPENSES. * * *

    *       *       *       *       *       *

(d) Expenses paid or incurred by a taxpayer in attending a convention or other meeting may constitute an ordinary and necessary business expense under section 162 depending upon the facts and circumstances of each case. No distinction will be made between self-employed persons and employees. The fact that an employee uses vacation or leave time or that his attendance at the convention is voluntary will not necessarily prohibit the allowance of the deduction. *The allowance of deductions for such expenses will depend upon whether there is a sufficient relationship between the taxpayer's trade or business and his attendance at the convention or other meeting so that he is benefiting or advancing the interests of his trade or business by such attendance. If the convention is for political, social or other purposes unrelated to the taxpayer's trade or business, the expenses are not deductible.* [Emphasis supplied.]

the taxable year in issue from cases involving international law and he stipulated that he "realized no income directly or through referrals in 1956 or subsequent years as a result of the Dubrovnik conference." In short, petitioner has failed to show any actual or potential business benefit, economic or otherwise, which resulted or might proximately result from his attendance at the Dubrovnik conference.

Thus, in the absence of any showing of any direct or proximate relationship between his law practice and his attendance at the conference, the conclusion that the expenses allegedly incurred in attending the conference are not deductible as ordinary and necessary business expenses under section 162 is unavoidable. We so hold. Cf. *Wade H. Ellis*, 15 B.T.A. 1075, affd. 50 F. 2d 343.

*Decision will be entered for the respondent.*