WILLIAM H. MANESS AND BETTY R. MANESS, PETITIONERS *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 3617–68, 5719–69. Filed August 11, 1970.

*William H. Maness*, pro se.
*Frank B. Metcalf*, for the respondent.

---

## OPINION

The only issue presented by the pleadings herein is whether certain expenses incurred and paid by the petitioner in the taxable years 1966 and 1967 in connection with his campaigns for the office of State senator are deductible under the provisions of section 162(a)[1] of the

---

[1] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

Internal Revenue Code of 1954. On brief, petitioner stated he was also relying upon section 212(1)[2] of the 1954 Code (erroneously cited as "section 212(e)").

Whether or not a particular expenditure constitutes a deductible business expense is essentially a question of fact and the taxpayer has the burden of proving that the expenditure is of a business, rather than a personal nature.

In order to be deductible under section 162(a) or section 212(1), an expenditure must be both ordinary and necessary as well as directly or proximately related to the conduct of the taxpayer's trade or business. *Chas. D. Long*, 32 T.C. 511 (1959), affd. 277 F. 2d 239 (C.A. 8, 1960); *Alexander P. Reed*, 35 T.C. 199 (1960); *Robert Lee Henry*, 36 T.C. 879 (1961); *Ronald W. Sholund*, 50 T.C. 503 (1968); H. Rept. No. 2333, 77th Cong., 2d Sess., p. 75 (1942-2 C.B. 430); S. Rept. No. 1631, 77th Cong., 2d Sess., p. 88 (1942-2 C.B. 571); Sec. 1.212-1 (d) and (f), Income Tax Regs.

Petitioner claims that the campaign expenditures incurred by him represented advertising and public relations expenses of his law practice which are deductible as ordinary and necessary business expenses under the provisions of section 162(a), or as ordinary and necessary expenses paid for the production of income under section 212(1).

In support of the former, petitioner argues that because of his training and experience in matters relating to the making, construction, and enforcement of the laws, it is the duty of a lawyer to seek public office and to participate in public affairs and that he is encouraged and urged to do so by the law schools, bar associations, and others "not only for the fulfillment of the high calling of a lawyer but as a practical means of 'advertising' and the result thereof in increased legal business."

We do not agree with either of petitioner's contentions.

It is well established that campaign expenses paid by a candidate for public office, whether successful or unsuccessful, and whether for election to a position previously held under an interim appointment or to a new position, are not deductible as ordinary and necessary business expenses under the provisions of section 162(a), or as ordinary and necessary expenses paid for the production of income under section 212(1).

In *McDonald* v. *Commissioner*, 323 U.S. 57 (1944), the Supreme Court specifically held that the campaign expenses of a Pennsylvania judge, holding office under an interim appointment, who unsuccess-

---

[2] SEC. 212. EXPENSES FOR PRODUCTION OF INCOME.

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

(1) for the production or collection of income;

fully sought election to a new term, were not deductible either as ordinary and necessary business expenses under section 23(a)(1)(A) of the 1939 Code, or as expenses incurred for the production of income under section 23(a)(2) of the 1939 Code as amended by section 121 of the Revenue Act of 1942, from which sections 162(a) and 212(1) were derived.

In *Mays* v. *Bowers*, 201 F. 2d 401 (1953), certiorari denied 345 U.S. 969, the Court of Appeals for the Fourth Circuit, quoting at length from *McDonald* v. *Commissioner*, *supra*, held that the campaign expenses of a successful candidate for city councilman were not deductible as ordinary and necessary business expenses from the salary of such office. Referring to appellant's argument that campaign expenses are like expenditures made for advertising, the court stated: "We think, however, that there is little if any analogy between advertising and campaign expenses. The latter are personal, not business expenses; and Congress has shown no disposition to permit their deduction."

In *Maness* v. *United States*, 367 F. 2d 357 (1966), certiorari denied 386 U.S. 932, the Court of Appeals for the Fifth Circuit, affirming a decision of the District Court for the Middle District of Florida, 237 F. Supp 918, held that William H. Maness (the petitioner herein) was not entitled to deduct the campaign expenses incurred by him in his campaign for election to office of circuit judge for the Fourth Judicial Circuit of Florida in 1958, "either under sec. 162 as ordinary and necessary business expenses, or as expenses incurred for the production of income under sec. 212." Both the Court of Appeals and the District Court referred to the opinion of the Supreme Court in *McDonald* v. *Commissioner*, *supra*, as authority for their decisions.

Petitioner argues, however, that *McDonald* v. *Commissioner* is not applicable in the present case for the reason that here his claim for deductibility is based upon the premise that the campaign expenses in question were " 'ordinary and necessary' expenses paid in carrying on his trade or business as a lawyer" and not in *"trying to be a State Senator,"* and further, that the refusal of the Supreme Court in the *McDonald* case to allow a deduction of campaign expenses as expenses incurred in the production of income "is clearly wrong."

Needless to say, we are not impressed by the latter argument; nor apparently was the Court of Appeals for the Fifth Circuit, which found that the campaign expenses incurred by the plaintiff therein (petitioner herein) in seeking election to public office, even though successful, were not deductible under either section 162(a) or section 212(1).

As to the first-mentioned argument, petitioner has not shown that

the campaign expenses in question were ordinary or necessary, or bore any reasonable or proximate relation to the conduct of his legal practice. He has not pointed to a single client obtained or a single fee received by him as the result of his campaigning or the expenses incurred in connection therewith. The fact that his professional income increased from $48,500 in 1966 to $50,400 in 1967 and to $63,800 in 1968, is not sufficient to show that the campaign expenses were reasonably or proximately related to his law practice.

In *Chas. D. Long, supra*, the taxpayer was a practicing attorney and senior partner in a law firm in St. Louis, Mo. He was also a member of the Missouri Athletic Club, a business-social organization located in St. Louis, where he occasionally had lunch with other members who were also clients of his firm. In 1953, he was requested to run for election to the governing board of the Athletic Club by a client who was a member of the nominating board of the club. After consulting with other members of his firm he agreed to do so and was subsequently elected. He was supported in his campaign by other clients of his firm who were also members of the club. In waging his campaign, the taxpayer incurred expenses in the amount of $1,487.42, for which he claimed a deduction on his income tax return for 1953. The taxpayer testified that the client-club members who supported his campaign were responsible for 35 percent of the fees received by his law firm and also that the firm's business and fees increased following his election to the governing board. However, he pointed to no specific item of business or fee received by the firm as the direct result of his campaign expenditures. We found that the taxpayer's election to the governing board was a personal rather than a business matter and also that the relationship of the expenses there involved to the flow of income to the taxpayer was even more remote than the expenditures incurred in running for public office, which the Supreme Court held were not deductible in *McDonald* v. *Commissioner, supra.*

In our opinion, petitioner's reasons for running for State senator were even more personal than were those of the taxpayers in the *Long* and *McDonald* cases. As shown by his campaign literature, some of which was filed as exhibits herein, petitioner had been involved in and was deeply concerned with many problems facing the community, including racial relations, teachers' salaries, and the taxation of senior citizens. References to his experience as an attorney and judge were to show his qualifications to cope with such problems and thus receive votes for the office of State senator. Even so, as previously stated herein, petitioner has not shown that a single client was obtained or fee received by him as the result of his campaign expenditures.

In the *Long* case, we stated:

We recognize that the running for, and holding of, office in both public and social organizations is not uncommon among lawyers. We also realize that through election to office a lawyer's reputation may be enhanced and his business "contacts" increased. But, in the absence of more substantial evidence, to imbue the vague relationship between campaign expenses and the alleged business increases with the aura of the ordinary, necessary, and direct relationship prerequisites of section 23(a)(1)(A) would unduly extend its intended scope.

The same may be said of the prerequisites of sections 162(a) and 212(1) of the 1954 Code.

We hold that the expenses incurred by petitioner in his campaign for State senator are not deductible under the provisions of section 162(a) or section 212(1).[3]

*Decisions will be entered for the respondent.*

---

[3] See also *David A. Reed,* 13 B.T.A. 513, 523–524 (1928), reversed on other grounds by the Court of Appeals for the Third Circuit, 34 F. 2d 263, which was in turn reversed, per curiam, by the Supreme Court, sub nom. *Lucas v. Reed,* 281 U.S. 699 (1930). Compare *Harry D. Moreland,* T.C. Memo 1960–178.