James J. Arditto and Claire M. Arditto v. commissioner.
Arditto v. Commissioner
Docket No. 323-69.
United States Tax Court
T.C. Memo 1971-210; 1971 Tax Ct. Memo LEXIS 121; 30 T.C.M. (CCH) 866; T.C.M. (RIA) 71210; August 24, 1971, Filed *122 James J. Arditto, pro se, 611 Sunset Blvd., Los Angeles, Calif.Norman H. McNeil, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent has determined deficiencies in petitioners' income tax as follows: Year
Deficiency
Additions to taxsec. 6653(a),I.R.C. 1954
1964
$ 5,399.71
$269.99
1965
13,167.91
658.40
1966
5,717.72
285.89
Concessions having been made, the issues remaining for decision are: (1) the deductibility of expenses incurred and paid by petitioner in 1966 during a campaign for public office; (2) the deductibility of entertainment expenses incurred in each of the years in question; (3) the deductibility of depreciation and certain expenses relating to an entertainment facility for each of the years before us; (4) the amount to be allowed petitioner as a deduction for state taxes in 1964; and (5) whether any part of the deficiency, if sustained herein, is due to negligence or intentional disregard of rules and regulations. Findings of Fact Some of the facts have been stipulated and are, together with the exhibits attached to the stipulation, incorporated herein by this reference. *123 James J. and Claire Arditto are husband and wife and filed joint income tax returns for taxable years 1964, 1965, and 1966 with the district director of internal revenue, Los Angeles, California. At the time of filing the petition herein they resided in Pasadena, California. Claire Arditto is a party to this action solely by virtue of having filed joint returns; consequently, James Arditto will hereinafter be referred to as petitioner. During the years in question and until his semiretirement in 1969, petitioner was engaged in the practice of law. His practice, spanning approximately 35 years, consisted primarily of matters involving Federal and state taxation. Petitioner's experience includes 10 years as a deputy attorney general representing the California Franchise Tax Commissioner, 3 years as a tax attorney for Trans World Airlines, and over 20 years in private practice. During the years 1957 through 1965 petitioner, in connection with several newsworthy incidents, received a large amount of newspaper publicity. Believing that the sustained news coverage had damaged his reputation and practice, petitioner sought political office, hoping to explain away the various incidents *124 giving rise to the news coverage as well as generate goodwill for his law practice, a byproduct of most campaigns for public office. Petitioner announced his candidacy for state senator on February 20, 1966. His primary campaign for the Democratic nomination was both active and successful. In the November 1966 general election, however, he was defeated by his Republican opponent. Petitioner's political endeavors resulted in out-of-pocket expenditures of $23,707.89. Labeling these expenses as indirect advertising expenses, petitioner took them as a business expense of his law practice for taxable year 1966. After suffering defeat, petitioner changed his political registration and in 1968 ran for the same senate seat. He was defeated in the Republican primary by the same 867 candidate that had defeated him in the 1966 election. In 1956 or 1957 petitioner purchased a beach house on Balboa Island, California. The house was originally purchased as a family recreational facility. As time passed, however, more and more of petitioner's recreational time was spent at his northern California ranch rather than at the beach house. By 1964, 1965 and 1966 petitioner's use of the house *125 had decreased to brief stays for no more than five times a year. In addition to petitioner's use, however, his son frequently used the house on weekends during the summer months and petitioner's daughter used it once or twice each year. The balance of the time the beach house was either unoccupied or used by petitioner's guests. No record was maintained as to who the guests were, how long they used the facility, or their relationship to petitioner. In connection with the beach house facility, petitioner maintained two power boats, one belonging to him and the other to his son. He also kept a fully stocked freezer and liquor cabinet. He estimated the cost of the food, liquor, and gas and oil to be $50 per month. For the years in question petitioner computed depreciation on both the house and boats and deducted 50 percent as the portion allocable to business. He also took as a deduction in 1964 and 1965 $600 estimated expenses for food, liquor, and gas. For 1964, 1965 and 1966 petitioner deducted as entertainment expenses $4,560.56, $3,098.05, and $3,100.58, respectively. Petitioner computed the above deductions by totaling the monthly statements from several restaurants and then *126 adding thereto an estimate for cash expenditures. The cash estimates for 1965 and 1966 were determined by analyzing the cash receipts received and saved by petitioner. Also included in the claimed deduction are amounts representing season tickets to different race tracks and tickets to several other sporting events. Petitioner's accountant advised him of the necessity of keeping adequate records of his entertaining. Petitioner's only records, however, consist of cancelled checks, monthly statements, and cash receipts that he terms "chits." A substantial portion of the claimed expenditures was incurred at the Jonathan Club. Frequently petitioner's wife and family had dinner at this establishment and would sign the check in payment. There was no method employed to remove such family expenses from the bills before listing the entire amounts billed each month as a business entertainment expense. On his 1964 return petitioner claimed a state sales tax deduction of $1,500. His records disclose checks written to known sales tax sources (such as department stores) of $8,914.32. Respondent added to this figure a $2,500 allowance for cash expenditures and concluded that the allowable sales *127 tax deduction was $456.57. Petitioner's gross income for taxable year 1964 was $168,997. Opinion The first issue to be decided is whether the expenses incurred by petitioner in his campaign for a state senate seat are deductible as ordinary and necessary business expenses of his law practice. Case law precluding any such deduction is overwhelming. The position of this Court was clearly articulated in the recent case of William H. Maness, 54 T.C. 1602 (1970). Citing abundant authority therein, we set forth the proposition that - It is well established that campaign expenses paid by a candidate for public office, whether successful or unsuccessful, and whether for election to a position previously held under an interim appointment or to a new position, are not deductible as ordinary and necessary business expenses under the provisions of section 162(a), or as ordinary and necessary expenses paid for the production of income under section 212(1). Petitioner attempts to distinguish his case from all the decided cases by placing great emphasis on the damage done to his reputation and practice by the large amount of publicity he received attributable to his involvement *128 in various activities covering a period of nearly nine years preceding his bid for election. His efforts are unpersuasive. While some of the publicity received was, no doubt, adverse, much of it was just as likely beneficial to his practice. Moreover, petitioner has not shown a sufficient connection between the campaign expenditures and any significant increase in business. See Chas. D. Long, 32 T.C. 511 (1959), affd. 277 F. 2d 239 (C.A. 8, 1960). We are not convinced that petitioner's motivation was business rather than personal. If there was a positive effect on petitioner's practice, it was coincidental and secondary to his 868 desire to be elected to public office. In light of this conclusion, the deduction for petitioner's political campaign must be denied. During the years in question petitioner deducted depreciation for, and expenses connected with, a beach house. In order to deduct expenses attributable to such a facility, it is necessary to meet the requirements of section 274. [1] Even when a facility is used primarily for business within the scope of section 274(a), no deduction is allowed with respect to that facility unless adequately substantiated *129 within the meaning of section 274(d). [2]
*130 To satisfy section 274(d), it is necessary that petitioner has maintained a contemporary record of the uses of his beach house or support his own statement with corroborated evidence of the use made of the facility. William F. Sanford, 50 T.C. 823 (1968), affd. per curiam 412 F. 2d 201 (C.A. 2, 1969), certiorari denied 396 U.S. 841 (1969). Here there are no contemporaneous records whatsoever, nor is there sufficient corroborating testimony of petitioner's statement. Petitioner's statement (or statements) consists of no more than general assertions that the house was used to entertain clients and business associates; that he used it personally no more than five times a year; and that he kept boats, food, and liquor for use by guests. In addition, he names several alleged business associates that used the beach house. Unfortunately, petitioner failed to state what year each stayed there, the duration of the visit, or what the business relationship was. Such testimony lacks the definiteness and particularity required to satisfy the statute. William F. Sanford, supra; John Robinson, 51 T.C. 520 (1968), affd. per curiam *131 422 F. 2d 873 (C.A. 9, 1970). Further, the testimony of petitioner's accountant, offered as corroboration of petitioner's statement, is totally inadequate. Likewise, petitioner's accountant's testimony was both general and conclusory and amounts to no more than a blanket affirmance of petitioner's broad assertion that the beach house was used more for business than for pleasure. Such vague and indefinite support is not the corroboration contemplated by the Congress when enacting section 274(d). We recognize that the exact nature of the evidence necessary for corroboration was brought into question by the Circuit Court of Appeals in the recent case of LaForge v. Commissioner, 434 F. 2d 370 (C.A. 2, 1970), reversing in part 53 T.C. 41 (1969). In LaForge the taxpayer sought to corroborate his statement with the testimony of the cashier who worked the cafeteria lunchcounter in which he incurred his claimed expense. The cashier's testimony to the effect that the taxpayer had lunch nearly daily with business associates and paid from $2 to $3 each day was apparently accepted by the Second Circuit as adequate corroboration. While the court did not expressly *132 state its acceptance of the corroboration, its holding that a deduction shoud be allowed for the meals of the taxpayer's luncheon guests can lead to no other conclusion. The court reached this result without discussion of this Court's statement that [Her] [the cashier's] corroborating testimony did not set forth the information necessary to substantiate these expenses. Nor did the appellate opinion address itself to the regulation setting forth the requirements necessary for corroboration to constitute substantiation. Section 1.274-5(c)(3), 869 Income Tax Regs., provides that the taxpayer may establish an expenditure by his own statement supported by other corroborative evidence. [3]Section 1.274-5(c)(3) (ii) in particular provides: If such element is the * * * cost, time, place, or date of an expenditure, the corroborative evidence shall be direct evidence such as a statement in writing or the oral testimony of persons entertained or other witness setting forth detailed information about such element, or the documentary evidence described in subparagraph (2) of this paragraph. If such element is either the business relationship to the taxpayer of persons entertained *133 or the business purpose of an expenditure, the corroborative evidence may be circumstantial evidence. We think the LaForge case as decided by the Court of Appeals must be limited to its particular facts and is therefore not controlling here. The corroborative evidence present in LaForge, while imprecise at best, is noticeably more definite than the testimony of petitioner's accountant relied on herein. We therefore conclude that petitioner's statement is not sufficiently corroborated and thus does not constitute substantiation within section 274(d). Having failed to meet the substantiation requirements with respect to any use of the facility, no depreciation on the entertainment facility is deductible. The expense of $600 per year for food and beverage is likewise not deductible. By petitioner's own admission, the $600 figure was a pure estimate. Having failed to substantiate any of the expenses as business entertainment, no portion is deductible. We further point out that the depreciation taken on *134 the boats maintained by petitioner at the beach house is not allowable for the reasons indicated above. Moreover, petitioner's deduction of depreciation on the boat belonging to his son is clearly improper. For the years 1964, 1965 and 1966 petitioner deducted as entertainment expenses $4,560.56, $3,098.05, and $3,100.58, respectively. Each year the amount was computed by adding up monthly statements from several restaurants and clubs and adding thereto amounts of cash spent on entertainment, as well as miscellaneous expenses such as season tickets to race tracks and tickets to sporting events. The addition for cash in 1964 was a pure estimate. The amount of cash expenditures for 1965 and 1966 was computed from cash receipts bearing only the amount, sometimes the date, and at times the name of the establishment. The requirements of section 274(d) have not been met with respect to any of petitioner's expenditures. Against the advice of his accountant, petitioner kept no contemporary record of his business entertaining. Here, as with petitioner's beach house, his uncorroborated general statement to the effect that all of the expenses incurred were business in nature is unacceptable *135 in light of the specific requirements of the statute and regulations promulgated thereunder. Again, the general and conclusory testimony of petitioner's accountant will not suffice as corroborating testimony. We therefore conclude that respondent properly disallowed all unsubstantiated entertainment expenses. For 1964 petitioner deducted as an itemized deduction $1,500 in state sales taxes. During that year petitioner had a gross income of $168,997. Respondent has disallowed all but $456.57. Sales taxes by their nature are impossible to establish with precision. In such instances, the proper course to follow is the approximation approach of Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930). See Emily Marx, 13 T.C. 1099 (1949); Newton A. Burgess, 8 T.C. 47 (1947). We think that based on the record, the amount of $600 is a reasonable approximation of petitioner's sales taxes, and we hold accordingly. Lastly, respondent determined in his notice of deficiency that petitioner is subject to the imposition of a 5 percent addition to tax under section 6653(a). Petitioner has the burden of proving that the negligence penalty was erroneously imposed. *136 David Courtney, 28 T.C. 658 (1957). We have held that where a taxpayer knowingly deducts personal expenditures as business expenses, he is subject to the negligence penalty. Humphrey v. Commissioner, 162 F. 2d 853 (C.A. 5, 1947), affirming on this point a Memorandum Opinion of this Court, certiorari denied 332 U.S. 817 (1947). Both petitioner and his accountant knew or should have known that personal items such as family meals at the Jonathan Club and depreciation on a boat owned by 870 petitioner's son are not deductible. Moreover, a man of petitioner's knowledge, ability, and experience in taxation could not have reasonably believed that the scant records kept by him would suffice for purposes of substantiating entertainment expenses as required by section 274(d). While this, considered alone, may not warrant a finding of negligence, when viewed in light of petitioner's other failings, as well as his accountant's specific advice, it warrants credence to respondent's negligence determination. In view of petitioner's background in taxation, and a record barren of evidence tending to disprove negligent conduct, respondent's imposition *137 of the negligence penalty for each of the years in question must be sustained. Decision will be entered under Rule 50. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954. ↩
2. It is necessary to meet the requirements of sec. 162 as well as sec. 274(a) and 274(d). However, in light of our disposition under sec. 274(d), we need not address ourselves to sec. 162 or sec. 274(a). Sec. 274(d) reads: SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. (d) Substantiation Required. - No deduction shall be allowed - (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.↩
3. We recognize that sec. 1.274-5(c)(3)(i)↩ was expressly declared invalid by the LaForge opinion. That portion of the regulation, however, is not in issue in the present case.