Donald W. Barber and Mary M. Barber v. Commissioner.
Barber v. Commissioner
Docket No. 4269-69.
United States Tax Court
T.C. Memo 1972-56; 1972 Tax Ct. Memo LEXIS 202; 31 T.C.M. (CCH) 234; T.C.M. (RIA) 72056; February 28, 1972, Filed Charles C. Morrey, 2460 W. Whittier Blvd., Montebello, Calif., for the petitioners. Alan S. Beinhorn and Michael J. Christianson, for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined deficiencies in petitioners' joint Federal income tax returns for 1965 and 1966 in the amounts of $1,094.69 and $1,465.92, respectively. The issues for decision are as follows: (1) Whether petitioners are entitled to expense deductions for the operation, amintenance, and depreciation of their racing sailboat during *203 1965 and 1966; and (2) Whether petitioners are entitled to deduct certain entertainment expenses incurred in 1965 and 1966 in connection with their racing sailboat. Findings of Fact Donald W. Barber (hereinafter referred to as petitioner) and Mary M. Barber, husband and wife, were legal residents of Glendale, California, at the time they filed their petition. They filed their joint Federal income tax returns for 1965 and 1966 with the district director of internal revenue, Los Angeles, California. Petitioner is a dentist, licensed to practice in the State of California. Since 1937, when he became licensed, petitioner has engaged in the general practice of dentistry in Glendale, California. He places a special emphasis on dental reconstruction work. Petitioner has had a personal interest in boats and boating since he was a young boy. He built his first boat when he was 14 and another one when he was 18 years of age. In 1939, he purchased his first boat built by someone other than himself. In that year he also joined the Balboa Yacht Club. In 1941, the year in which he joined the Los Angeles Yacht Club, petitioner purchased a six meter boat which he owned until 1946. In 1960, *204 petitioner purchased a one-half interest in a 40-foot racing sailboat called "Danzante" (hereinafter referred to as Danzante). The boat had a 12-foot long main cabin with full head room, in which four people could sleep; two more could sleep in the fore peak. In addition, there were cooking and cleaning as well as eating facilities on board. He owned the interest in the Danzante during the years in controversy. In March 1942, petitioner entered the military service, and his dentistry practice was interrupted. Before that date petitioner, in addition to his sailing activities, had been an avid and active golfer. While serving in the military, he sustained a severe knee injury which caused a permanent disability, and he was unable to continue playing golf. Prior to his entry into the service, petitioner had used his golfing as a promotional outlet for his dentistry practice. When this recreational activity was foreclosed because of his knee injury, he decided that his interest in boating could serve as a substitute. During the period from 1946 to the date of trial, petitioner took part in many competitive ocean races. In some races he served on the crews of boats owned by others, *205 and in some he raced his own boat, serving as master and commanding a crew. During this period, petitioner won approximately six races, all of which were widely publicized. During 1965 and 1966, petitioner competed in several ocean races, some of which were sponsored by the yacht club to which he belonged. When petitioner was engaged in competitive racing he had a full crew of six people composed of social acquaintances and yachting friends, all of whom were experienced in racing. While some of the people petitioner met in the course of his boating activities became his patients, many of them never had any relationship to his practice. During 1965 and 1966, petitioner entertained numerous associates, friends, and yachting acquaintances on the Danzante. Sometimes these people sailed on the boat, and on other occasions they simply visited the boat. Petitioner's only records with respect to the use of the boat were calendar books for each of the years in issue. These books contain entries relating to petitioner's social engagements. On those occasions when petitioner was using the boat for racing or for nonfamily entertainment, he listed the names of the people entertained and the *206 amount of money he spent. There is no explanation in the calendar books of the relationship between petitioner and any of the people whose names are so listed; nor is there a notation concerning their 236 relationship to his dentistry practice. The entries in the calendar books do not show that petitioner discussed business with the listed guests. Petitioner claimed, as deductions in his returns for 1965 and 1966, 100 percent of his share of the operating costs and 80 percent of the depreciation attributable to his one-half interest in Danzante. The deductions claimed are as follows: 1965
1966
Depreciation
$ 480.00
$ 480.00
Ship rent
627.00
385.00
Repairs
736.00
2,652.00
Insurance
517.00
255.00
Licenses and taxes 199.00
180.00
$2,559.00
$3,952.00 In addition, he claimed deductions for entertainment expenses. In his notice of deficiency, respondent disallowed all the costs of operation, maintenance, and depreciation of the boat. In addition, he disallowed entertainment expenses related to the use of the boat in the amounts of $245.15 for 1965, and $1,057.20 for 1966. These disallowances were based on the grounds that it had not been *207 established that any of these expenditures represented ordinary and necessary business expenses or that they were expended for the purpose designated. Opinion Petitioner claims that the expenses incident to the operation of his racing sailboat, Danzante, and his related entertainment activities in 1965 and 1966 are deductible as ordinary and necessary business expenses under section 162 [1] on the theory that use of the boat and the related entertainment promoted his dentistry practice within the yachting community by giving him an image as a "racing" dentist. Petitioner contends that the yachting activities are analogous to advertising campaigns put on by sales companies which attempt to identify their products with a particular image. Using his yachting activities in this manner, he argues, resulted in his obtaining many patients he would not have had otherwise. Section 162 [2] allows a deduction for all ordinary and necessary expenses incurred in carrying on any trade or business. In order to meet the requirements of this section, petitioner *208 "must demonstrate both that the expenditures were not made for primarily social or personal purposes and that there existed a proximate relationship between the claimed expenditures and his trade or business." Ronnald W. Sholund, 50 T.C. 503, 508 (1968); Robert Lee Henry, 36 T.C. 879 (1961); Alexander P. Reed, 35 T.C. 199, 202 (1960); Chas. D. Long, 32 T.C. 511, 513 (1959), affd. 277 F. 2d 239 (C.A. 8, 1960). We do not think he has satisfied his burden with respect to either the expenses associated with the use of the boat or the entertainment expenses.
We are skeptical of petitioner's contention that he engaged in the pursuit of yachting primarily to become acquainted with people with dental problems and to help him obtain patients from the affluent sailing community. While he may have thought of this possibility, we note his interest in boating even as a child, and his membership in *209 a yacht club as early as 1939, before his World War II injury caused him to give up golf as his favorite sport. We are not satisfied that he did not participate in boating primarily as a recreational outlet. Moreover, petitioner has not shown any proximate relationship between his boating and entertainment expenses and his business, i.e., the practice of dentistry. The most that petitioner has shown is that he received publicity from his boat racing, that he became acquainted with some of his current patients through his sailing and entertainment activities, and that physicians and dentists whom he met through those activities have referred patients to him. This evidence falls short of showing that the boating and entertainment expenditures were so closely related to the conduct of his business as to have been appropriate, helpful, usual, or necessary. Louis Boehm, 35 B.T.A. 1106, 1109-1110 (1937). We think the physicians and fellow dentists referred patients to him, and the patients came to him for dental services, not because they knew that he had won some sailboat races, but because he had earned the reputation of being a 237 professionally competent dentist *210 through rendering satisfactory services to his patients. While petitioner's sailing and related social activities may have helped him create friendships which have resulted in some indirect benefits to his practice, such could be true of any social relationships. We do not question the value of the cultivation of social contacts - business, personal, or political - to a person engaged in a profession, business, or other employment. A doctor may bring himself to the attention of members of his community by participating in political activities; a bricklayer may ingratiate himself with his foreman by joining his bowling league; or a lawyer may become actively involved in the civic work of his favorite club. However, even though some indirect benefits may be realized, the expenses resulting from such activities are not deductible because they do not have a sufficiently close relationship to the operation of the taxpayer's business. See, e.g., Alexander P. Reed, supra; Chas. D. Long, supra.
This Court repeatedly has been faced with contentions similar to the ones advanced by petitioner. In Robert Lee Henry, supra, a tax lawyer and accountant *211 claimed deductions for the operation of a yacht on which he flew a red, white, and blue pennant bearing the numerals "1040," contending that sailing his yacht with the pennant provoked inquiries and thus promoted his tax and accounting advisory business within the wealthy yachting community. In Ralph E. Larrabee, 33 T.C. 838 (1960), the owner of a machine shop claimed deductions for the cost of operating a yacht and the cost of related social activities, allegedly as a means of promoting his business. In W.D. Gale, Inc. v. Commissioner, 297 F. 2d 270 (C.A. 6, 1961), affirming a Memorandum Opinion of this Court, a corporation claimed deductions for expenditures incurred in racing speedboats, allegedly in order to publicize the name used in the conduct of an electrical contract business. See also, Challenge Manufacturing Co., 37 T.C. 650 (1962), acq. 1962-2 C.B. 4. In all these cases, this Court held that the requirements of section 162(a) were not met. We reach the same conclusion here. Our finding that petitioner's boating and related entertainment expenses do not satisfy the requirements of section 162(a) and, thus, are not properly *212 deductible as a business expense, obviates the need to examine in detail the objective requirements imposed by section 274. We feel compelled to note, however, that even if petitioner's expenses were properly allowable as a deduction under section 162, his proof regarding the expenditures is insufficient under section 274. With regard to both the expenses incurred in the operation and maintenance of the boat, and the entertainment expenses, the regulations issued pursuant to section 274 provide that the taxpayer must substantiate in detail the following for each use of a facility, such as the boat, and for each entertainment expenditure: (1) the amount, (2) the time and place of the use of the facility and the entertainment, (3) the business purpose, and (4) the business relationship to the taxpayer of each person entertained or using the entertainment facility. Sec. 1.274-5(b) (1), Income Tax Regs. The regulations are very specific regarding the adequacy of the proof of each of these four elements. The taxpayer must maintain either (1) "adequate records," which means an account book or diary, together with documentary evidence sufficient to establish each element, or (2) sufficient *213 evidence corroborating his own statement. Sec. 1.274-5(c), Income Tax Regs.
The only records maintained by petitioner are his calendar books and they list only the time and place of each use and the names of the people entertained on the boat; the books do not explain the business purpose for the expenditures or the business relationship of the people entertained. The only other evidence introduced by petitioner consisted of his own statements, either in the form of oral testimony or written summaries. Such evidence without corroboration will not satisfy the burden placed on petitioner by section 274. Fiorentino v. Commissioner, - F. 2d -, (C.A. 2, 1971), affirming a Memorandum Opinion of this Court; John L. Ashby, 50 T.C. 409, 415 (1968). Furthermore, petitioner introduced no receipts or itemized statements to substantiate the claimed amounts for entertainment expenses, and he did not supply any evidence, other than a list of his patients, to show the business relationships of the people entertained. In an attempt to show the "business purpose" for the use of the boat and the related entertainment, petitioner claimed that these activities allowed him to meet new people *214 and enhanced his "professional" reputation. However, the regulations require a more specific purpose in order to 238 qualify an outlay of funds as an allowable expense deduction. In the words of section 1.274-5(b) (3) (iv), Income Tax Regs., the taxpayer must explain the "Business reason for the entertainment or nature of business benefit derived or expected to be derived as a result of the entertainment and, * * * the nature of any business discussion or activity." Quite clearly, petitioner's evidence is not the kind contemplated by section 274 and the regulations issued thereunder, and, consequently, his claimed deductions may not be allowed. John L. Ashby, supra; William F. Sanford, 50 T.C. 823 (1968), affirmed per curiam 412 F. 2d 201 (C.A. 2, 1969), certiorari denied 396 U.S. 841 (1969). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, unless otherwise noted.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * * * *↩