DAVID C. HAKIM AND MARGARET K. HAKIM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hakim v. Commissioner
Docket No. 6606-72.
United States Tax Court
T.C. Memo 1974-46; 1974 Tax Ct. Memo LEXIS 271; 33 T.C.M. (CCH) 223; T.C.M. (RIA) 74046; February 25, 1974, Filed. *271 Held, expenses incurred in campaigning for office of city councilman are not deductible under sections 162, 212, or 174, I.R.C. 1954. David C. Hakim, pro se. Thomas R. Ascher, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioners' income tax in the amount of $32.14 for the taxable year 1970. The sole issue for decision is whether petitioners may deduct amounts spent in that year by David C. Hakim (hereinafter referred to as petitioner) in an unsuccessful campaign for municipal office. FINDINGS OF FACT Some facts have been stipulated and are so found. Petitioners, David C. and Margaret K. Hakim, husband and wife, were residents of Harper Woods, Mich., at the time of filing of the petition in this case. Petitioners filed a joint income tax return for the tax year 1970 with the director of the Central Region Service Center in Cincinnati, Ohio. In 1970 petitioner, who is an attorney, campaigned for the office of city councilman of Harper Woods and in that pursuit incurred expenses totaling $189.82 consisting of advertising and *273 printing costs and rental of sound equipment. These expenses were incurred in a good faith effort to be elected, were ordinary and usual for such a campaign, and were not excessive. Petitioner was not elected and has never been elected to public office. Under the charter of the city of Harper Woods in effect in 1970, the office of city councilman carried a salary of $10 per meeting, but not to exceed $400 in any fiscal year. On their 1970 income tax return petitioners deducted $190 as campaign expenses. Petitioner received a contribution of $50 for his campaign expenses, and since he included this in income, respondent, in his notice of deficiency, disallowed the claimed deduction to the extent of $140. OPINION The only question in this proceeding is whether, as a matter of law, petitioner's expenses in campaigning for municipal office may be deducted for Federal income tax purposes. There is no dispute as to the facts. In their petition and at trial petitioners claimed the expenses were deductible as ordinary and necessary business expenses under section 162, I.R.C. 1954, or as expenses for the production of income under section 212. For the first time on brief, petitioners *274 also argue that the expenses are deductible under section 174 as research or experimental expenses. In McDonald v. Commissioner, 323 U.S. 57 (1944), the Supreme Court held that expenses of a campaign for public office were not deductible under sections 23(a) (1) (A) and 23(e) (2), I.R.C. 1939, the predecessors, respectively, of sections 162 and 212, I.R.C. 1954. In the course of its opinion the Court stated that the expenses involved were not "incurred in being a judge but in trying to be a judge" and that the expenses were thus not incurred in the taxpayer's trade or business of discharging his functions as a judge. This Court has considered this same issue and similar issues in the light of the McDonald case and has consistently held that the expenses of campaigning for office, either public, see Horace E. Nichols, 60 T.C. 236 (1973), a Court reviewed opinion now on appeal in the Fifth Circuit, William H. Maness, 54 T.C. 1602 (1970), or private, see James B. Carey, 56 T.C. 477 (1971), affirmed per curiam 460 F.2d 1259 (C.A. 4, 1972), certiorari denied 409 U.S. 990, are not deductible under either sections *275 162 or 212. In the course of these opinions we have considered and discussed public policy, whether a campaign "assessment" is deductible as a "tax," and most of the arguments made by petitioners in their brief. Nothing would be gained by rehashing those arguments here. No argument can be made that the expenses involved here qualify as a deductible tax, and this case falls squarely under the mantle of the McDonald case. In addition all of the courts of appeal that have considered this issue since the McDonald case have agreed that campaign expenses are not deductible under sections 162 and 212. See Shoyer v. United States, 290 F.2d 817 (C.A. 3, 1961), certiorari denied 368 U.S. 835, Carey v. Commissioner, 460 F.2d 1259 (C.A. 4, 1972), affirming per curiam 56 T.C. 477, and Campbell v. Davenport, 362 F.2d 624 (C.A. 5, 1966), wherein the court found the campaign assessment nondeductible under sections 162 and 212 but to qualify as a tax under Texas law. We adhere to our conclusion that under McDonald campaign expenses of the nature involved here are not deductible under sections 162 or 212, I.R.C. 1954. Petitioners' *276 argument that these expenses may be considered in the nature of research and experimental expenses deductible under section 174 was made late, but nevertheless we have considered it but find no merit in it. Section 174 permits a taxpayer to treat research or experimental expenditures which are paid or incurred during the taxpayer year in connection with his trade or business as expenses which are not chargeable to capital account and to deduct them currently. Section 1.174-2, Income Tax Regs., defines "research or experimental expenditures," as used in section 174, as meaning "expenditures incurred in connection with the taxpayer's trade or business which represent research and development costs in the experimental or laboratory sense." Clearly these campaign expenses are not the type of expenses covered by section 174 and, furthermore, they were not incurred in connection with any trade or business of the petitioner, under the theory of the McDonald case, supra. Nor do we find any merit in petitioners' argument that because Congress has recently allowed a deduction for contributions to political campaigns of others, see sections 41 and 218, I.R.C. 1954, we should allow a deduction *277 for expenses incurred in David's own campaign. First, sections 41 and 218 are not applicable to the year 1970 here involved, and, second, these expenses do not qualify as "political contributions" under those sections. If Congress wants to permit the deduction of campaign expenses as a policy matter, it should do so directly. Decision will be entered for the respondent.